**HARTFORD ACCIDENT & INDEMNITY CO. v. OLIVIER et al.**

No. 9951.

Circuit Court of Appeals, Fifth Circuit.

Nov. 25, 1941.

Earl Sharp, of Longview, Tex., for appellant.

J. J. Collins and Pitser H. Garrison, both of Lufkin, Tex., for appellees.

Before HOLMES and McCORD, Circuit Judges, and DAWKINS, District Judge.

HOLMES, Circuit Judge.

The sole question on this appeal is whether the deceased, in the course of his employment, suffered an accidental injury that caused his death. This question was one for the jury if a statement by the deceased to his wife was admissible in evidence.

The deceased was a gauger for the Sun Oil Company. He left home about 6 o'clock A. M., November 15, 1939, riding in his car. He had been gone about thirty minutes, when he returned, his body bent over, complaining of pain in his chest and in the lower part of his stomach. In answer to a question by his wife, he told her that, while gauging a gasoline tank, he sucked some gas down his throat, and thought it had gone into his lungs, and that it was making him sick at the stomach. He continually tried to vomit until he died twenty or thirty minutes later. The testimony of his widow as to what he told her was admitted by the court over the objection of appellant.

The appellees rely upon Travellers' Insurance Co. v. Mosley, 8 Wall. 397, 75 U. S. 397, 19 L.Ed. 437, Stewart v. Travelers Protective Association, 5 Cir., 81 F.2d 25, and a number of Texas cases. It is not necessary for us to decide whether this testimony was admissible under the rules of evidence heretofore applied in the federal courts, [1] because we think it was admissible under the Texas decisions. Rule 43 of the Federal Rules of Civil Procedure, 28 U.S.C. A. following section 723c, provides all evidence shall be admitted that is admissible under the rules of evidence applied in the courts of general jurisdiction of the state in which the United States District Court is held, and that, in any case, the statute or rule that favors the reception of the evidence governs.

As to the doctrine of res gestae, the rule in Texas is "very latitudinous", and its application must be left largely to the judicial discretion of the trial court. Pilkinton v. Gulf, C. & S. F. R., 70 Tex. 226, 7 S.W. 805. To be a part of the res gestae, declarations are not required to be precisely concurrent in point of time with the

---

[1] Cf. Halleck v. Hartford Accident & Indemnity Co., 5 Cir., 75 F.2d 800.

710

principal transaction, if they spring out of it, are voluntary and spontaneous, and are made at a time so near as to preclude the idea of deliberate design. McGowen v. McGowen, 52 Tex. 657. On the other hand, where the circumstances render it probable tha⁺ a statement offered as a part of the res gestae is the result of premeditation or deliberate design to effect a certain purpose, it should not be received.

In International & G. N. Ry. Co. v. Anderson, 82 Tex. 516, 17 S.W. 1039, 1040, 27 Am.St.Rep. 902, the court said: "All declarations or exclamations uttered by the parties to a transaction, and which are contemporaneous with and accompany it, and are calculated to throw light upon the motives and intention of the parties to it, are clearly admissible as parts of the res gestæ. Very respectable authorities restrict the doctrine of res gestæ within the limits indicated by the foregoing definition, and exclude all declarations which are a narration of past occurrences. This is a convenient and salutary rule, and probably the more logical one; and, if it were an open question in this state, we should hesitate long before adopting another. Another rule, applied in many of the American courts at least, is to admit as parts of the res gestæ not only such declarations as accompany the transaction, but also such as are made under such circumstances as will raise a reasonable presumption that they are the spontaneous utterance of thoughts created by or springing out of the transaction itself, and so soon thereafter as to exclude the presumption that they are the result of premeditation or design."

In Dallas Hotel Co. v. Fox, Tex.Civ.App., 196 S.W. 647, 653, it appeared that the injured party, after having moved himself without help from the place of the accident, and while cool and capable of clear thinking, made a statement to the witness at least one hour after the accident, going very carefully over the statement several times to get it exactly right and to preserve it; and yet the court held the evidence admissible under the res gestae doctrine in Texas. After citing a number of Texas decisions tending to support the appellant's contention to the contrary, the court said: "From a review of all the Texas decisions we conclude that the law of this state is that the statement is not objectionable because it is a narration of the facts at the time of the accident, though the weight of authority elsewhere seems to be otherwise. 42 L.R.A.,

N.S., 953, note. The only question upon which we entertain any doubt is the length of time intervening between the accident and the making of the statement to Mansfield, but the record shows that Fox was painfully and fatally injured, and was doubtless suffering intensely; in fact he was injured to such an extent that he died within about 60 hours, and this would tend to rebut the idea that his statement was made with premeditation and design. The fact of his death soon afterwards is an element which the court may consider in determining the admissibility of his statement. 10 R.C.L. 172."

To the same effect, see the following: Panhandle & S. F. Railway Co. v. Huckabee, Tex.Civ.App., 207 S.W. 329; International Travelers' Ass'n v. Griffing, Tex.Civ. App., 264 S.W. 263; Norwich Union Indemnity Co. v. Smith, Tex.Civ.App., 3 S.W. 2d 120; Employers' Liability Assurance Corp., Ltd., v. Flint, Tex.Civ.App., 14 S.W. 2d 1046; Texas Employers Ins. Ass'n v. Shifflette, Tex.Civ.App., 91 S.W.2d 787.

The judgment appealed from is affirmed.