### PIETRZAK v. UNITED STATES.
#### No. 13115.

United States Court of Appeals
Fifth Circuit.
April 20, 1951.

Rehearing Denied June 1, 1951.

Adam Pietrzak, in pro. per., David Lemelman, Miami, Fla., for appellant.

Fred Botts, Asst. U. S. Atty., Miami, Fla., for appellee.

Before HOLMES, BORAH and STRUM, Circuit Judges.

HOLMES, Circuit Judge.

The appellant was convicted upon an indictment that charged a violation of Title 18, Section 111, of the U.S.Code Annotated. Omitting formal parts, it alleges the interference with and the commission of an assault upon a United States deputy marshal, who was engaged in the performance of his official duties of serving civil process.

The record contains substantial evidence to support the following facts: Deputy Marshal Peeples had made numerous attempts to serve process on Stella and Frank Pietrzak, appellant's mother and father, but had been unable to do so because the parties either denied their identity or went out of town. On December 27, 1948, believing that deception had been practiced on a previous attempt at service, Peeples resorted to the subterfuge of having his wife approach Stella Pietrzak (appellant's mother) under the guise of a prospective tenant for a vacant garage apartment, which she then had for rent. While Stella Pietrzak was showing Mrs. Peeples the garage apartment, Mr. Peeples went to the door of the apartment to make service. The appellant was upon a ladder nearby, doing some repair work that required the use of a butcher knife as a scraper. He saw Peeples open the screen door of the apartment and approach his mother, who was about three feet away. While Peeples was identifying himself by means of his official credentials, the appellant attacked him from behind with the butcher knife, threatening to "slice him to pieces" if he did not desist from his attempt to serve process and leave the premises. Peeples identified himself as a United States deputy marshal, present to serve a civil summons, but appellant denied the validity of his credentials, and repeated his threat of bodily harm if Peeples did not leave the premises. Peeples told the appellant that he was under arrest for assaulting an officer and interfering with the performance of the latter's official duties.

The appellant refused to allow Peeples to take him into custody. Mrs. Peeples, who had been witnessing the entire occurrence, ran next door to Mr. Bald's house to telephone for additional officers. As Mrs. Peeples ran for the telephone, the appellant ran past her, and went back upon the ladder where he had been before the assault. When Mrs. Peeples reached the house next door, which was only a very short distance away, she asked to be allowed to use the telephone, stating to Mr. and Mrs. Bald that her husband was being assaulted with a butcher knife. Soon after the telephone call, two deputy marshals arrived to assist Peeples. Upon the arrival of the deputies, the appellant was ordered to come down from the ladder and submit to arrest, which he did. He was searched, but no knife was found. Mr. Peeples went up the ladder, and found the butcher knife on a window ledge.

After appellant's arrest, he was indicted under Section 111, Title 18, U.S.Code Annotated, for assaulting, resisting, and impeding a United States deputy marshal, which under Section 111 is a felony. At the trial, appellant made a motion to quash the indictment, stating that he should be tried under Section 1501 of Title 18, which makes assault on a process server a misdemeanor. The motion was overruled and, upon trial, appellant was convicted under Section 111 and sentenced to serve one year's imprisonment and pay a fine of $300. Appellant made a motion to have the sentence suspended, submitting numerous letters from various persons attesting to his excellent

character and reputation. The lower court refused to suspend the sentence.

On this appeal, the appellant assigns as error the lower court's denial of his motion to quash the indictment; its admission, over objection, of the statements made by Mrs. Peeples to Mr. and Mrs. Bald, when she went to use their telephone, as being part of the *res gestae*; and its refusal to allow an interpreter for his mother.

We find no error in the court's denial of the motion to quash the indictment. The facts of the instant case clearly fall within the purview of the language of Section 111, which provides as follows:

"§ 111. Assaulting, resisting, or impeding certain officers or employees.

"Whoever forcibly assaults, resists, opposes, impedes, intimidates, or interferes with any persons designated in section 1114 of this title while engaged in or on account of the performance of his official duties, shall be fined not more than $5,000 or imprisoned not more than three years, or both.

"Whoever, in the commission of any such acts uses a deadly or dangerous weapon, shall be fined not more than $10,000 or imprisoned not more than ten years, or both." (Section 1114, above mentioned, includes a United States deputy marshal.)

█ In this case a deadly weapon was used, which is specifically made an element of Section 111. The assault was forcibly committed, because it is clearly shown that the appellant used force, especially when he pushed the deputy from behind and prodded him in the back with what the deputy believed to be the butcher knife. The prosecutor might have brought the indictment under either of the two sections, but the fact that he chose to bring it under Section 111, rather than Section 1501, is not sufficient cause to warrant us to order a reversal.

The evidence shows that, after the appellant had assaulted Peeples but before he submitted to an arrest for such assault, Mrs. Peeples ran next door to call for help. The testimony is to the effect that she was highly excited and very nervous, and that she asked Mr. and Mrs. Bald to let her use their telephone, telling them that her husband was being assaulted with a butcher knife. Mr. and Mrs. Bald both testified to Mrs. Peeples' statement at the trial. Objection was interposed on the ground that the appellant was not present. However, the court admitted the testimony as being a part of the *res gestae*.

█ What constitutes a spontaneous utterance such as will bring it within this exception to the hearsay rule must depend, necessarily, upon the facts peculiar to each case, and be determined by the exercise of sound judicial discretion, which should not be disturbed on appeal unless clearly erroneous. Testimony admitted as a part of the *res gestae* usually refers to matters transpiring immediately prior to or immediately after the occurrence in issue. In this case, it can safely be said that the statements were made immediately after the assault; but a more accurate observation would be that the words were spoken during the course of the altercation, because, even though the appellant desisted from interference, he did not allow himself to be taken into custody until after the words had been spoken and assistance had arrived. There is no doubt but that the statement in question was spoken under stress of excitement, brought on by the occurrence and under circumstances which precluded the possibility of a thought-out plan to fabricate testimony.

█ The question as to whether or not appellant's mother had a right to demand an interpreter depended upon whether or not she could intelligently testify without one. To make such a determination, the court was required to make a preliminary inquiry as to the necessity for appointing an interpreter. The record shows that the court very carefully examined the witness and took sworn testimony of other witnesses relating to this matter. The court was convinced that the witness understood the questions and was capable of testifying without an interpreter. This was a discretionary matter resting solely in the trial court. There is no showing of such a clear abuse of discretion as would warrant us in granting a reversal.

The evidence is amply sufficient to support the conviction, and we find no reversible error in the record or in appellant's assignments of error on this appeal. The judgment appealed from is affirmed.

Affirmed.

On Petition for Rehearing.

Before HOLMES, McCORD, and STRUM, Circuit Judges.

PER CURIAM.

Rehearing denied.