**STATE of Alaska, Petitioner,**

v.

**Thomas H. AGONEY, Jr., Respondent.**

**No. 4494.**

Supreme Court of Alaska.

March 28, 1980.

---

Charles M. Merriner, Asst. Dist. Atty., Joseph D. Balfe, Dist. Atty., for petitioner.

Sue Ellen Tatter, Asst. Public Defender, Brian C. Shortell, Public Defender, Anchorage, for respondent.

## OPINION

Before RABINOWITZ, C. J., CONNOR, BOOCHEVER and MATTHEWS, JJ., and DIMOND, Senior Justice.

MATTHEWS, Justice.

This petition for review concerns the admissibility of statements under the excited utterance exception to the hearsay rule. Respondent Thomas Agoney, Jr., is charged with intentional homicide for the fatal stabbing of his brother-in-law. The trial judge admitted into evidence a statement made by Agoney to investigating officers at the scene of the crime. The state claims error.

The trial ended in a mistrial. We grant this petition for review before a second trial begins. The facts needed for review are not in dispute. On the night of June 27, 1978, an argument between Agoney and his wife led to Agoney's stabbing of his brother-in-law. A short time later, relatives of the victim attacked Agoney, and a second fight ensued. A state trooper arrived on the scene approximately twenty-five minutes after the initial stabbing and found Agoney beaten and disrobed. Agoney ran to the officer upon his arrival and asked for protection from his assailants. The trooper handcuffed Agoney and placed him in his patrol car. There Agoney was detained for over an hour until a homicide investigator interrogated him.[1] That interrogation was recorded on tape and introduced over the state's objection at trial.

The interrogation followed a question and answer format and lasted approximately thirty minutes. Most of the questions asked by the investigator were directed at the specific stabbing incident. However, several questions concerned related events as well as general background information.[2]

---

1. *Miranda* warnings were read to respondent and subsequently waived. *Miranda v. Arizona*, 384 U.S. 436, 444, 86 S.Ct. 1602, 1612, 16 L.Ed.2d 694, 706–07 (1966).

2. The homicide investigator questioned Agoney about his educational background; his ability to read and understand the English language; the number of children he had; the number of

■ Agoney's statement is, of course, hearsay. It is an out of court statement offered in court to prove the truth of the matter asserted. Alaska Rule of Evidence, 801(c). It is therefore not admissible unless it falls within an exception to the hearsay rule. Alaska Rule of Evidence 802. The trial judge allowed the statement in under the excited utterance exception to the hearsay rule which permits admission of "[a] statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition." Alaska Rule of Evidence 803(2). The applicable test for excited utterances adopted by this court asks: "Was the declaration spontaneous, excited, or impulsive, or was it the product of reflection and deliberation?" *Beech Aircraft Corp. v. Harvey*, 558 P.2d 879, 884 (Alaska 1976) (citations omitted); *Watson v. State*, 387 P.2d 289, 291 (Alaska 1963). In applying this test, we are particularly concerned with whether the observer's normal powers of reflection and conscious deliberation have been suspended.[3] It is only the suspension of these powers which lends a special trustworthiness to the utterance, and thus justifies exempting it from the ordinary scrutiny of cross-examination on the witness stand.[4] This is all the more important where the declarant is a party having a motive to fabricate.

■ The court below found sufficient evidence of Agoney's excited condition to admit the statements as excited utterances. In making such a decision, the trial judge has considerable discretion.[5] In this case, however, we have concluded that Agoney's statements plainly do not come within the excited utterance exception and that it was an abuse of discretion to rule that they did.

When the statements in question were uttered, a sufficient time had passed for Agoney to deliberate upon the circumstances of his predicament and to regain possession of his reflective faculties. The custodial interrogation occurred approximately one and one-half hours after the stabbing. Agoney sat handcuffed in a protected patrol car for a full hour before giving his statements. The presentation of his *Miranda* rights and his waiver of them are further facts tending to be inconsistent with spontaneity. In addition, Agoney's answers were responsive to the questions put, and his manner was calm throughout the entire interrogation. In sum, the evidence indicates that this is clearly not a case in which the excited utterance exception applies.

The case is REMANDED for further proceedings consistent with the views here expressed.

BURKE, J., not participating.

---

alcoholic beverages he had consumed that day; the content of his argument with his wife; whether his wife had consumed any alcohol; where his brother-in-law lived; whether his brother-in-law was employed; and where he obtained the knife.

**3.** *See* 6 J. Wigmore, Evidence § 1747 (Chadbourn rev. 1976); E. Cleary, McCormick's Handbook of the Law on Evidence § 297 (2d ed. 1972).

**4.** Wigmore, *supra.*

**5.** "What constitutes a spontaneous utterance such as will bring it within this exception to the hearsay rule must depend, necessarily, upon the facts peculiar to each case, and be determined by the exercise of sound discretion, which should not be disturbed on appeal unless clearly erroneous." *Pietrzak v. United States*, 188 F.2d 418, 420 (5th Cir. 1951), *cert. denied* 342 U.S. 824, 72 S.Ct. 44, 96 L.Ed. 623 (1951). *See also Beck v. National Surety Corp.*, 171 F.2d 862, 864 (5th Cir. 1949).