UNITED STATES of America,
Plaintiff-Appellee,

v.

Benito Ayala MARTINEZ and Julio Lujano Guardiola,
Defendants-Appellants.

No. 79–5053.

United States Court of Appeals,
Fifth Circuit.

April 30, 1980.

Lucien B. Campbell, Federal Public Defender, Edward C. Prado, Asst. Federal Public Defender, San Antonio, Tex., for Martinez.

Thomas A. Roberts, Dallas, Tex. (Court-appointed), for Guardiola.

Jamie C. Boyd, U. S. Atty., Le Roy Morgan Jahn, John E. Murphy, Asst. U. S. Attys., San Antonio, Tex., for plaintiff-appellee.

Before CHARLES CLARK, RONEY and HENDERSON, Circuit Judges.

PER CURIAM:

Convicted of crimes involving heroin, defendants on appeal argue that conspiracy to commit two substantive crimes can be but one criminal conspiracy under the constitutional prohibition against double jeopardy, and that the prosecutor in closing argument improperly commented on a missing witness. They separately argue insufficiency of the evidence, and the failure to provide an interpreter. None of the arguments merits reversal.

Both defendants were convicted of conspiracy to possess and conspiracy to import heroin. 21 U.S.C.A. §§ 841(a)(1), 846,

952(a), 963. Defendant Guardiola was convicted of using a telephone to facilitate the commission of a felony, 21 U.S.C.A. § 843(b) and defendant Martinez was convicted of aiding and abetting the possession of heroin and of possession with intent to distribute heroin, 18 U.S.C.A. § 2, 21 U.S.C.A. § 841(a)(1).

■ The dual conspiracy issue has recently been resolved contrary to defendants' argument in *United States v. Rodriquez*, 612 F.2d 906 (5th Cir. 1980). The *en banc* Court there held that Congress intended to punish cumulatively a conspiracy with the dual objectives of importation and distribution of controlled substances and that when such punishment results from a single proceeding, there is no violation of the double jeopardy clause.

The prosecutor's comment during closing argument concerned Enrique Marroquin, a Government informant who had been present at the drug transaction, but who could not be found at the time of the trial. A Drug Enforcement agent testified of his ineffective efforts to locate Marroquin, but disclaimed any intention to hide him. He believed that if Marroquin knew he were needed, he would present himself before the court.

After the subject was raised by defense counsel in closing argument, the prosecutor recounted the testimony of the DEA agent and then responded to defense counsel's assertion that Marroquin was a "key witness," stating that "Mr. Marroquin is not essential. We don't have to have him. We wanted him. We made—" On defense counsel's objection, the court gave the jury a cautionary instruction. Defendants' subsequent motion for a mistrial was rejected.

■ A prosecutor is permitted to state what he believes to have been established by the evidence and to comment fairly upon it. *United States v. Morris*, 568 F.2d 396, 401 (5th Cir. 1978); *United States v. Wayman*, 510 F.2d 1020, 1028 (5th Cir.), *cert. denied sub nom. Moore v. United States*, 423 U.S. 846, 96 S.Ct. 84, 46 L.Ed.2d 67 (1975). In any event, any possible defect was cured by the district court's instruction.

■ Defendant Martinez argues the evidence did not establish the intent required to sustain his conviction for possession with intent to distribute. The evidence showed that at the time of his arrest, Martinez had in his pocket 14 to 16 balloons containing 14 grams of heroin. An undercover narcotics agent testified a person carrying that amount of heroin packaged in such fashion was likely to be a seller. *See Turner v. United States*, 396 U.S. 398, 420–21, 90 S.Ct. 642, 654, 24 L.Ed.2d 610 (1970). There was substantial evidence showing Martinez' connection with others involved in possession and distribution of heroin. Considered in the light most favorable to the Government, the evidence here was sufficient to sustain Martinez' conviction. *Glasser v. United States*, 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680 (1942); *United States v. Reynolds*, 511 F.2d 603, 606 (5th Cir. 1975).

Defendant Guardiola, who speaks and understands very little English, contends the court should have furnished him an interpreter during trial. An official court interpreter was present at defendant Guardiola's arraignment. After Guardiola testified, the interpreter was dismissed. Guardiola's retained counsel did not object. When the prosecutor sought to have the court provide an interpreter, the district judge made it clear that Guardiola had a right to employ his own interpreter (as co-defendant Martinez had done) but the court was not required to provide an interpreter for a nonindigent defendant.

In a bench conference just prior to opening arguments, the prosecutor again sought to clarify the issue. Again the court told all counsel that Guardiola had a right to have his own interpreter but since he had employed counsel the court was not required to provide an interpreter for him. Guardiola's counsel, who spoke fluent Spanish, assured the court that he was "absolutely" able to act as an interpreter for his client. At no point was any objection raised, nor was any attempt made to show that Guardiola could not afford his own interpreter. An official court interpreter

was used in the sentencing phase of the trial.

On October 28, 1978, Congress passed the Court Interpreters Act of 1978 which, among other things, requires the trial court to utilize the services of an interpreter whenever the court determines that a criminal defendant speaks only or primarily a language other than the English language. Pub.L. 95–539 § 2(a), 92 Stat. 2040, codified at 28 U.S.C.A. § 1827. The relevant provisions of the Act took effect 90 days after the date of enactment. This trial on December 6–8, 1978, was prior thereto. Consequently, the law in effect prior to that statute controls the decision here.

The use of courtroom interpreters involves a balancing of the defendant's constitutional rights to confrontation and due process against the public's interest in the economical administration of criminal law. *See* the reasoning in *Ferrell v. Estelle*, 568 F.2d 1128 (5th Cir. 1978) *opinion withdrawn*, 573 F.2d 867 (5th Cir. 1978). That balancing is committed to the sound discretion of the trial judge, reversible only on a showing of abuse. *Perovich v. United States*, 205 U.S. 86, 91, 27 S.Ct. 456, 457, 51 L.Ed. 722 (1907); *Hardin v. United States*, 324 F.2d 553 (5th Cir. 1963); *Suarez v. United States*, 309 F.2d 709 (5th Cir. 1962); *Pietrzak v. United States*, 188 F.2d 418 (5th Cir.), *cert. denied*, 342 U.S. 824, 72 S.Ct. 44, 96 L.Ed. 623 (1951).

■ Where the court was careful to make it clear the defendant had a right to an interpreter, but was assured by defendant's retained bilingual counsel that he could translate for the defendant and no objection was made, there was no abuse of discretion in failing to supply a court-appointed interpreter. Contrary to Guardiola's argument, when a defendant is represented by retained counsel and makes no motion, the court is not required *sua sponte* to inquire into defendant's financial ability to employ an interpreter.

AFFIRMED.