John L. JACKSON, Plaintiff, Appellant,

v.

The Honorable Arturo CINTRON GARCIA, et al., Defendants, Appellees.

No. 81–1283.

United States Court of Appeals, First Circuit.

Argued Nov. 3, 1981.

Decided Nov. 12, 1981.

Edwin Marger, Atlanta, Ga., with whom Robert L. Barr, Jr., Marietta, Ga., was on brief, for plaintiff, appellant.

Federico Cedo Alzamora, Asst. Sol. Gen., Dept. of Justice, San Juan, P.R., with whom Hector A. Colon Cruz, Sol. Gen., Bayamon, P.R., was on brief, for defendants, appellees.

Before COFFIN, Chief Judge, CAMPBELL and BOWNES, Circuit Judges.

PER CURIAM.

Appellant is a non-Spanish-speaking American citizen facing trial in the Superior Court of the Commonwealth of Puerto Rico on charges of violations of the Controlled Substances Act of Puerto Rico, Title 24, Chapter 111, L.P.R.A. As is the current practice in all proceedings in courts of the Commonwealth, the proceedings with respect to appellant have been, and will continue to be, conducted entirely in Spanish.* Appellant has retained a bilingual co-attorney resident in Puerto Rico, although his

* Although 1 L.P.R.A. § 51, enacted in 1902, provides that English and Spanish "shall be used indiscriminately" in the Commonwealth courts, the Supreme Court of Puerto Rico has interpreted that statute to authorize the use of Spanish alone, with interpreters when needed, stating that section 51 "does not grant either the accused or his lawyer the right to choose the language in which the trial is to be conducted." *People v. Superior Court*, 92 P.R.R. 580, 590 (1965). The court said, "the means of expression of our people is Spanish," 92 P.R.R. at 589. The court went on to observe, how-ever, that the exclusive use of English in the *federal* court of Puerto Rico is "in harmony and maintain[s] the tradition that all judicial proceedings shall be conducted in the English language throughout the federal jurisdiction." *Id.*, at 589, note 6. Thus in Puerto Rico today proceedings in the Commonwealth courts are conducted in Spanish, in recognition of the reality that this is the prevailing language of Puerto Ricans, whereas proceedings in the United States District Court for the District of Puerto Rico are conducted in English, in conformity with all other federal courts.

chosen counsel, resident on the mainland, practices in English only. The court has offered to provide appellant with an interpreter.

Unsatisfied with this arrangement, appellant filed a section 1983 action in federal district court in Puerto Rico, seeking an injunction enjoining the Commonwealth from proceeding against him in any language other than English, and contending that to do otherwise violated his rights to due process, fair trial, assistance of counsel, and equal protection. After a hearing, the district court dismissed his complaint, and this appeal followed.

We affirm the judgment below, on the ground that the issuance of the requested injunction by a federal court is barred by the doctrine of *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). The federal intrusion into Puerto Rico's judicial system that would result from such an injunction is obvious. To give but two examples, neither jurors in Puerto Rico nor members of the Bar of the Commonwealth are currently required to know English. The injunction here would either halt the proceedings entirely, or require a significant reorientation of the Puerto Rico court system so as to accommodate a jury trial in English. Such interference is prohibited by the *Younger* doctrine absent only the most compelling of circumstances.

Appellant has not demonstrated the existence of any such compelling circumstances. It cannot be said that Spanish is being used in bad faith as a means of harassment. Spanish is the primary language throughout Puerto Rico, which is not a state but rather possesses a special political relationship with the United States. That an accused is tried in a language unknown to himself does not, without more, deprive him of a fair trial provided a suitable interpreter is afforded. *See United States v. DeJesus Boria*, 518 F.2d 368, 371 (1st Cir. 1975); *United States v. Carrion*, 488 F.2d 12 (1st Cir. 1973), *cert. denied*, 416 U.S. 907, 94 S.Ct. 1613, 40 L.Ed.2d 112 (1974). Most importantly, appellant has failed to make a showing of irreparable harm, a precondition to injunctive relief even in the absence of other *Younger* considerations. He asserts that he will be unable to understand the proceedings against him, but so long as a competent interpreter is available, this will not be the case, any more than it is for an exclusively Spanish-speaking accused in the federal courts. The Supreme Court of Puerto Rico recognizes that a non-Spanish speaker has the right to an interpreter in its courts, and that this right is of federal constitutional dimension. *People v. Superior Court*, 92 P.R.R. 580, 589–90 (1965). It is well-known, moreover, that many available members of the Puerto Rico bar are competent in both English and Spanish.

Appellant's alleged harm is speculative at this time because he has not been convicted. If he should be convicted, the alleged harm is not irreparable, because he will be able to present his constitutional argument on direct appeal in the Commonwealth courts, and if unsuccessful will also be able to present it in the federal courts, either via appeal or certiorari to the Supreme Court of the United States, or via habeas corpus in the inferior federal courts. We thus find lacking the extraordinary circumstances which under *Younger* would alone warrant enjoining criminal proceedings in the Puerto Rico courts.

*The judgment of the district court is affirmed.*