Jaime Leon
**GIRALDO-RINCON, Petitioner,**

v.

**Richard L. DUGGER, et al.,
Respondents.**

No. 86–1512–CIV–T–17(C).

United States District Court,
M.D. Florida,
Tampa Division.

Feb. 24, 1989.

Lee Ellen Acevedo, New Port Richey, Fla., for petitioner.

Robert J. Landry, Asst. Atty. Gen., Tampa, Fla., for respondents.

## ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

KOVACHEVICH, District Judge.

This cause is before the Court on petition for writ of habeas corpus, pursuant to 28 U.S.C. Section 2254. The Court specifically referred the motion to the assigned magistrate. On December 30, 1989, Magistrate Elizabeth A. Jenkins issued a report and recommendation. The Magistrate recommended that the petition for writ of habeas corpus be granted and Petitioner be discharged from custody unless the State of Florida provides Petitioner with a new trial within a reasonable period of time of the entry of the writ.

Pursuant to Rule 6.02, Rules of the United States District Court for the Middle District of Florida, the parties had ten (10) days after service to file written objections to the proposed findings and recommendations, or be barred from attacking the factual findings on appeal. *Nettles v. Wainwright,* 677 F.2d 404 (5th Cir.1982) (en banc).

Respondents filed exceptions to the report and recommendation on January 11, 1989. The Court has examined the objections and finds, upon due consideration, that they are not sufficient to cause this Court to reject the report and recommendation. Respondents have, for the first time in this case, raised an issue of non-exhaustion of the claim. The Court finds that this defense, if it exists, has been waived by Respondents' actions in proceeding with this cause through final hearing and report and recommendation without raising the issue. Therefore, the Court rejects Respondents' objection to the report and recommendation and adopts the report and recommendation of the magistrate. (A copy of the report and recommendation is appended to this order as Exhibit A).

The Court makes the following findings of fact, based on the parties stipulation and review of the file. These findings of fact are in part adopted from the report and recommendation:

1. Petitioner was arrested on January 28, 1983, and was detained thereafter without making bail. Petitioner, a Columbian native, had been present in the United States for approximately three (3) years and had been employed sporadically in Miami. He had learned some rudi-

mentary English, but was not fluent and was not able to carry on a conversation in English.

2. Attorney Miguel Del Aquila entered an appearance on behalf of Petitioner on February 9, 1983, and represented him, on a retained rather than appointed basis, throughout the trial.

3. The trial of Petitioner commenced on June 20, 1983, and concluded June 21, 1983. Prior to trial, Mr. Del Aquila requested the assistance of an interpreter for Petitioner at trial. The basis of the request was that he could not afford to pay for his own interpreter and that he neither spoke nor understood English.

4. Without conducting an inquiry into Petitioner's ability to pay for an interpreter or his ability to speak and/or understand English, the trial court denied the request. The court stated that since Petitioner had retained private counsel he could retain and pay for an interpreter.

5. Petitioner's attorney and an unidentified co-counsel were fluent in Spanish. The trial judge indicated that one or the other of the two counsel could interpret for Petitioner, if he did not retain an interpreter. There is evidence that the co-counsel would occasionally relate to Petitioner what was transpiring in the trial. However, neither attorney acted as an interpreter for Petitioner throughout the trial, giving a word for word translation of all testimony and proceedings.

6. The prosecution presented eleven witnesses; each of them testified in English. The two main witnesses, former co-defendants, testified that Petitioner supplied the cocaine which they sold to undercover agents. Petitioner did not comprehend the testimony of the witnesses due to the language barrier.

7. Petitioner did not have the financial resources to pay for an interpreter. Although his attorney was retained, counsel's fees were paid by a party who is not identified in the record, but who was not a relative or a close friend.

8. There was no interpreter present at Petitioner's sentencing.

The issue as presented to the Court, by the petition for writ of habeas corpus and the state's response, is whether or not the trial court's failure to conduct an inquiry into Petitioner's ability to pay and need for an interpreter, and, subsequent denial of his motion to appoint an interpreter, violated Petitioner's constitutional rights to due process of law and his right of confrontation, in violation of the Fifth, Sixth, and Fourteenth Amendments.

How meaningful can a confrontation be when the defendant is unable to understand the witnesses' testimony in full and to respond to each and every allegation of the charges leveled at him by the witness? Is due process served where a defendant is denied the right of simple communication and understanding of the proceedings which might ultimately result in a deprivation of his freedom?

One of the most fundamental and closely guarded rights in the American judicial system is Defendants' rights to due process and concomitantly to a fair trial, wherein the accused is informed of the nature and cause of the accusation and is presented with a meaningful right of confrontation with the witnesses against his interests. Being tried in a language unknown to a defendant, without more, is not a deprivation of a fair trial, "... *provided a suitable interpreter is afforded.*" (emphasis added). *Jackson v. Cintron Garcia,* 665 F.2d 395, 396 (1st Cir.1981).

■ The right to confrontation, for a defendant unable to understand the language of the court and the witnesses, requires simultaneous translation for the purpose of communicating with counsel to enable the latter to effectively cross-examine witnesses to test their credibility, their memory and their accuracy of observation. *United States of America v. The State of New York,* 310 F.Supp. 1304 (E.D.N.Y. 1970), *aff'd,* 434 F.2d 386 (2nd Cir.1970). As the Second Circuit Court of Appeals said in the affirming case:

It is axiomatic that the Sixth Amendment's guarantee of a right to be confronted with adverse witnesses, now also

applicable to the states through the Fourteenth Amendment, (cites omitted), includes the right to cross-examine those witnesses as "an essential and fundamental requirement for the kind of fair trial which is this country's constitutional goal." (cites omitted). But the right that was denied Negron seems to us even more consequential than the right of confrontation. Considerations of fairness, the integrity of the fact-finding process, and the potency of our adversary system of justice forbid that the state should prosecute a defendant who is not present at his own trial, (cites omitted), unless by his conduct he waives that right. (cites omitted). And it is equally imperative that every criminal defendant —if the right to be present is to have meaning—possess "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding." (cites omitted) Otherwise, "[t]he adjudication loses its character as a reasoned interaction * * * and becomes an invective against an insensible object." (cite omitted). *United States*, 434 F.2d at 389.

▮ The decision to appoint an interpreter may indeed be discretionary with the trial judge, as Respondent asserts; but the Court finds that that discretion must be tempered with reason and concern for the rights of the defendant seeking the assistance of an interpreter. There should be a balance between the constitutional rights of the defendant and public concern with "economical administration of criminal law." *United States v. Bennett*, 848 F.2d 1134, 1141 (11th Cir.1988), citing *United States v. Martinez*, 616 F.2d 185, 188 (5th Cir.1980), *cert. denied*, 450 U.S. 994, 101 S.Ct. 1694, 1695, 68 L.Ed.2d 193 (1981).

▮ The Court adopts and incorporates by reference here the Conclusions of Law of the report and recommendation. The Court, upon due consideration of this record, concludes that the trial judge's refusal and failure to inquire into Petitioner's need for and ability to pay for an interpreter violated his Sixth Amendment right to confrontation and his right to due process of law. Regardless of any probability of guilt, the Petitioner's trial "lacked the fundamental fairness required by the due process clause." *United States*, 310 F.Supp. at 1309. Accordingly, it is

ORDERED that the report and recommendation of the magistrate be adopted, the petition for writ of habeas corpus be granted, and Petitioner be released from custody unless he is retried or an appeal is taken from this order within thirty (30) days of the date of this order.

DONE and ORDERED.

### EXHIBIT A

### REPORT AND RECOMMENDATION

ELIZABETH A. JENKINS, United States Magistrate.

This cause comes on for consideration of a petition for writ of habeas corpus filed by a state prisoner pursuant to 28 U.S.C. § 2254. Petitioner challenges his conviction of trafficking in cocaine and conspiracy to traffic in cocaine.

The single issue presented in the petition is whether the court's refusal to appoint an interpreter at trial for the petitioner violated his constitutional rights to due process of law under the Fifth and Fourteenth Amendments and his right of confrontation under the Sixth Amendment[1].

Counsel has been appointed to represent petitioner for the purposes of this habeas action and the parties have entered into a written stipulation of facts. Based upon the stipulation as well as the other information in the file, the following findings of fact are made:

(1) Petitioner was arrested on January 28, 1983 and was detained thereafter without making bail. A native of Colombia, petitioner had been present in the United States for approximately three years and had been employed sporadically in Miami. He learned some rudimentary English during that time but did not become fluent and

---

1. This issue was also presented in the direct appeal of petitioner's conviction.

was not able to carry on a conversation in English.

(2) Attorney Miguel Del Aquila entered an appearance on behalf of petitioner on February 9, 1983 and continued to represent petitioner through the conclusion of the trial. Mr. del Aquila represented petitioner on a retained not court-appointed basis.

(3) Petitioner's trial commenced on June 20 and ended on June 21, 1983. Prior to the commencement of trial, petitioner through counsel requested the assistance of an interpreter on the basis that he could not afford to pay for his own interpreter and that he neither spoke nor understood English. The court denied the request without conducting an inquiry as to petitioner's ability to defray the cost of an interpreter or his ability to speak and understand English. The court stated that petitioner's retained counsel could interpret for petitioner or that petitioner could retain a private interpreter.

(4) Petitioner's attorney, Mr. Del Aquila, was fluent in Spanish. Also seated at counsel table with petitioner and Mr. Del Aquila was another attorney, not identified in the record, who assisted Mr. Del Aquila throughout trial. The second attorney was also fluent in Spanish. The second attorney would occasionally tell petitioner what was going on during trial but neither he nor Mr. Del Aquila served as an interpreter for petitioner.

(5) Eleven prosecution witnesses testified at trial, all of them in English. The chief witnesses against petitioner were two former co-defendants who testified that petitioner supplied the cocaine which they then sold to undercover agents. Petitioner did not comprehend the testimony of these witnesses due to the language barrier.

(6) Petitioner did not have the financial resources to pay for an interpreter. Although his attorney was retained, counsel's fees were paid by a party who is not identified in the record but who was not a relative or a close friend.

(7) An interpreter was not present at petitioner's sentencing either.

*Conclusions of Law*

(1) In reviewing a defendant's request for an interpreter, the court must balance the defendant's "constitutional rights to confrontation and due process against the public's interest in the economical administration of criminal law." *United States v. Bennett*, 848 F.2d 1134, 1141 (11th Cir. 1988), quoting *United States v. Martinez*, 616 F.2d 185, 188 (5th Cir.1980), cert. denied 450 U.S. 994 (1981).

(2) A court's failure to provide an interpreter may render a trial fundamentally unfair if the lack of an interpreter inhibits a defendant's comprehension of the proceedings or precludes a defendant from assisting counsel in cross-examining witnesses against him. See *United States v. Tapia*, 631 F.2d 1207, 1210 (5th Cir.1980).

(3) Petitioner's request for an interpreter, through counsel, at the beginning of trial was sufficient to require the trial court to conduct an inquiry into petitioner's finances and ability to speak and understand English. See *United States v. Carrion*, 488 F.2d 12, 15 (1st Cir.1973) cert. denied 416 U.S. 907 (1974); see also *United States ex rel Negron v. New York*, 434 F.2d 386, 390–391 (2d Cir.1970) (court put on notice of defendant's severe language difficulty must advise of right to interpreter at state expense, if need be).

(4) The sole fact that petitioner was represented by retained counsel did not relieve the trial court of its responsibility to conduct such an inquiry once a request for an interpreter was made. Cf. *United States v. Martinez*, 616 F.2d at 188 (when a defendant represented by retained counsel makes no motion for an interpreter, no *sua sponte* inquiry by the court is required as to defendant's financial ability).

(5) Petitioner's counsel never assured the court that he could act as an interpreter or that petitioner was able to communicate and understand English. Compare *United States v. Martinez*, 616 F.2d at 187–188 (counsel assured court that he could act as interpreter); *United States v. Carrion*, 488 F.2d at 15 (counsel assured

court that his client could understand English).

(6) The occasional summary of witness testimony provided petitioner by his attorneys did not enable him to understand "the precise nature of the testimony against him." *United States ex rel Negron v. New York,* 434 F.2d at 389–390.

(7) The trial court's failure to provide an interpreter for defendant resulted in a trial that was fundamentally unfair.

### CONCLUSION

Petitioner has established his right to habeas relief by a preponderance of the evidence.

It is therefore respectfully RECOMMENDED that:

(1) The petition for writ of habeas be GRANTED and that petitioner be discharged from custody unless the State of Florida provides petitioner with a new trial within a reasonable period of time after entry of the writ.