James N. BRANNEN, Sr., Appellant,

v.

STATE of Alaska, Appellee.

No. A–2720.

Court of Appeals of Alaska.

Sept. 7, 1990.

Donald F. Logan, College, for appellant.

John A. Scukanec, Asst. Atty. Gen., Office of Special Prosecutions and Appeals, Anchorage, and Douglas B. Baily, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON,* JJ.

## OPINION

BRYNER, Chief Judge.

James N. Brannen, Sr., was convicted in Fairbanks of three counts of sexual abuse of a minor in the first degree and two counts of sexual assault in the first degree. On appeal, he claims that venue in Fairbanks was improper and that the indictment should have been dismissed because the grand jury heard evidence impermissibly referring to his exercise of his right to remain silent. Brannen also objects to the denial of his motion to suppress a tape recorded conversation between himself and K.E., his stepdaughter. We affirm.

█ Brannen first started abusing K.E. when she lived with him and her mother in Healy. After the Brannens separated and K.E. and her mother moved to Fairbanks, the abuse continued there. The indictment charged two counts for the offenses that occurred in Fairbanks and three counts for the offenses that occurred in Healy. At arraignment on November 24, 1987, Brannen moved orally to sever the Healy counts and requested trial of those counts in Healy. Healy was not then an approved site for felony trials, but Criminal Rule 18 had been amended to include Nenana as an approved site for felony trials. This amendment, however, did not become effective until approximately six weeks after Brannen's arraignment. *See* Administrative Bulletin No. 27. The court denied Brannen's motion. Two and one-half months after arraignment, on February 11, 1988, Brannen filed a written motion for severance and change of venue, again requesting severance of the Healy charges. This time he asked that the Healy charges be tried in Nenana rather than Healy. Superior Court Judge Jay Hodges denied the motion to sever, concluding that venue was proper on all charges in Fairbanks. On appeal, Brannen contends that the court erred in its ruling.

We find that all counts were properly tried together. Criminal Rule 18(e) provides that venue is proper at the existing court location nearest to the situs of the alleged crime. As two of the counts alleged criminal conduct that occurred in Fairbanks, Fairbanks was the proper venue for trial of these counts. Since the indictment charged related incidents occurring in both Fairbanks and Healy, Judge Hodges did not abuse his discretion by directing that the Healy counts also be tried in Fairbanks. Healy was never an approved site for felony trials, and Nenana became an approved site only after the time for a motion for change of venue as a matter of right had passed.

Brannen next claims that the court should have suppressed his recorded conversation with K.E. because the recording was obtained in violation of the notice requirement of Criminal Rule 37(b). While investigating the case, Alaska State Trooper Paul E. Bartlett obtained three *Glass* warrants to monitor Brannen's conversa-

---

* This case was submitted for decision prior to Judge Singleton's resignation.

tions. The first warrant was for a conversation between Brannen and Richard Gordon, K.E.'s current stepfather. Bartlett filed a return with the court but failed to notify Brannen within ninety days that Brannen's conversation was recorded, as required. Bartlett did not request an extension of time. A few weeks later Bartlett obtained a second warrant, which was returned unserved. Seven months later, Bartlett obtained a third warrant and successfully recorded a conversation between K.E. and Brannen. A few weeks later, Bartlett met with Brannen and eventually told him about the recorded conversations.

At a pretrial hearing, the court denied Brannen's motion to suppress the K.E. tape as the fruit of the violation of his right to be notified after the first warrant was executed. The court reasoned that "if a request had been made for an extension of 90 days, it would have been granted." In addition, because there was no "incriminating information gleaned with respect to the original warrant," the court concluded that the failure to comply with the notice requirement was harmless.

■ Alaska Criminal Rule 37(b)(1) requires that a person whose privacy interests have been violated by execution of a warrant be notified. In *Jones v. State*, 646 P.2d 243, 249 (Alaska App.1982), we recognized that a strict requirement that the subject of a wiretap receive immediate notice would hamper follow-up investigation. Following 18 U.S.C. § 2518(8)(d), we found a ninety-day period with possible extensions upon an *ex parte* showing of good cause to be reasonable. *Jones*, 646 P.2d at 250 n. 8. When notice is not given, suppression of the intercepted evidence is a remedy only when officers intentionally violate the requirement or the defendant can show actual prejudice. *United States v. Harrigan*, 557 F.2d 879, 884 (1st Cir.1977); *Gallagher v. State*, 651 P.2d 1185, 1186–87 (Alaska App.1982). Prejudice is not found when a defendant receives notice from another source. *Gallagher*, 651 P.2d at 1187.

Nor is there prejudice when notice is not so late as to undermine a defendant's ability to challenge the evidence intercepted. *See United States v. Orozco*, 630 F.Supp. 1418, 1536 (S.D.Cal.1986).

■ Brannen argues that Bartlett intentionally failed to notify him. However, Bartlett explained that in the several months between the two recordings, he had investigated a complex murder case and had taken an extended vacation. In addition, K.E. was out of state and it was difficult to arrange a wiretap. Under the circumstances, the evidence does not support Brannen's assertion.

■ Brannen also claims that he was prejudiced by the lack of notice. He argues that if he had been informed that the police were recording his conversations, he would not have spoken to K.E. However, the prejudice that we adverted to in *Gallagher* is that which occurs when delay places a defendant at a disadvantage in challenging the evidence obtained through surreptitious monitoring of a conversation. *See Orozco*, 630 F.Supp. at 1536. Nothing in *Gallagher* suggested that prejudice can be established by a mere claim that, by being tipped off to the existence of an investigation, the defendant would have been able to take evasive action to thwart future investigative efforts. Indeed, as Judge Hodges correctly recognized in his findings, it is precisely this type of "prejudice" that would almost certainly constitute good cause for relaxation of the notice requirement.

In short, given Brannen's failure to establish either an intentional violation of Rule 37 or resulting prejudice, the superior court did not err in denying his motion to suppress.

■ Brannen next argues that the indictment should have been dismissed because Bartlett impermissibly commented on Brannen's silence after he was accused.[1] Bartlett testified that he read Brannen his *Miranda* rights and Brannen agreed to talk

---

1. Brannen also claims that the K.E. tape should not have been played for the grand jury. Because we have found that the tape was admissible, this ground for dismissing the indictment lacks merit.

with him. Bartlett also testified that when he informed Brannen that his conversation with K.E. had been recorded, and accused him of lying, Brannen "just didn't have much of a comment to that at all." In clarifying his testimony, Bartlett again stated that Brannen "didn't have much response to that at all. He just kind of sat there over quite a period of time ... not saying much of anything." Judge Hodges found that a fair listening of the tape reflected that Brannen was not exercising his right to silence.

Ordinarily, of course, it is impermissible to comment on or produce evidence that the accused has exercised the right to remain silent by refusing to speak with authorities. In certain narrow circumstances, however, an accused's failure to respond to an accusatory question or comment may be more indicative of assent or consciousness of guilt than of an intent to exercise the right to silence. *See, e.g., Doisher v. State,* 658 P.2d 119 (Alaska 1983). Here, given Brannen's initial waiver of his *Miranda* rights and his expressed willingness to speak with Bartlett, his silence in the face of information concerning the monitoring of his conversation with K.E. is at least arguably more probative of consciousness of guilt than it is of an assertion of the right to silence. In any event, however, assuming it was error to admit the disputed evidence, the error was clearly harmless in the context of a grand jury hearing where the remaining, properly admitted evidence of guilt was overwhelming.

Lastly, Brannen claims it was error for the court to admit an edited version of the taped conversation between himself and Robert Gordon. Brannen wanted to introduce certain exculpatory statements on the tape as evidence of his state of mind when he later spoke with K.E. and Bartlett. However, Judge Hodges ordered most of the exculpatory statements excised, allowing only those portions of the tape played in which Gordon accused Brannen of molesting K.E. The evidence was admitted to provide the jury with background information; in context, the admission of the evidence with Brannen's responses deleted did not create any inference that Brannen had admitted to or acquiesced in the allegations of abuse.

 A defendant's self-serving statements are hearsay and cannot be admitted into evidence unless they qualify under some exception to the hearsay rule or are used for a non-hearsay purpose. *State v. Agoney,* 608 P.2d 762, 764 (Alaska 1980); *Stumpf v. State,* 749 P.2d 880, 899 (Alaska App.1988). Brannen argues initially that his exculpatory responses to Gordon's accusations should have been admitted for testimonial completeness. However, because the edited portion of the tape that was played for the jury was not misleading or confusing, the exculpatory statements that were excised as hearsay were not necessary or admissible on grounds of testimonial completeness. *See Hawley v. State,* 614 P.2d 1349, 1361 (Alaska 1980) (admissibility of evidence is largely within trial court's discretion).

 Brannen also argues that his denials were admissible for the non-hearsay purpose of showing his state of mind seven months later, when he spoke by telephone with K.E. The argument is wholly unpersuasive. The sole basis for Brannen's state of mind argument is his claim that it was necessary to show the jury that, when he spoke with K.E., he was already aware of the accusations of abuse. Brannen's awareness of the accusations, however, was adequately established by the portions of the tape that were played for the jury. Admission of Brannen's self-serving denials could have added nothing of further significance on the issue of his state of mind.

Just as there appears to be no legitimate non-hearsay purpose justifying admission of the deleted portions of the tape, there appears to be no exception to the hearsay rule that would apply in this case. Evidence Rule 803(3) exempts hearsay statements that express an existing state of mind, emotion, sensation or physical condition to prove the declarant's present condition. Brannen relies on this exception. Yet Brannen's self-serving denials do not qualify as present sense impressions.

They were not statements expressing a present condition, nor were they made spontaneously. Brannen had time to reflect and a motive to fabricate before he made the statements. Brannen offers no other hearsay exceptions to justify admission of the deleted statements, and we are aware of none.

The judgment of the superior court is AFFIRMED.