James S. STONEKING, Appellant,

v.

STATE of Alaska, Appellee.

No. A-2418.

Court of Appeals of Alaska.

Nov. 16, 1990.

Thomas E. Fenton, Fairbanks, for appellant.

David Mannheimer, Asst. Atty. Gen., Office of Sp. Prosecutions and Appeals, Anchorage, and Douglas B. Baily, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., COATS, J., and ANDREWS, District Court Judge.*

OPINION

BRYNER, Chief Judge.

James Stoneking was convicted by a jury of first-degree murder, attempted first-de-

* Sitting by assignment made pursuant to article    IV, section 16 of the Alaska Constitution.

gree murder, first-degree assault and first-degree burglary. He appeals, contending that the trial court erred in declining to give his proposed jury instruction on heat of passion and in refusing to allow the jury to hear a portion of a statement that Stoneking made to the police. We affirm.

Stoneking's conviction stems from an incident in which Stoneking broke into the house of his estranged wife, Maria Stoneking. In the living room of the house, Stoneking encountered his wife and Ken Jensen, "snuggled up on the couch." Stoneking shot both, killing his wife and seriously injuring Jensen.

At trial, Stoneking attempted to establish that he had acted out of heat of passion. In support of this defense, he requested the trial court to supplement the stock heat of passion instruction with a paragraph stating:

> Adultery may suffice as serious provocation if the jury finds that the facts and circumstances known to the defendant at the time he discovered the adulterous act would be sufficient to excite an intense passion in a reasonable person in the defendant's situation.

Superior Court Judge Jay Hodges declined to give the requested instruction but did give the jury the standard instruction on heat of passion. On appeal, Stoneking contends that Judge Hodges erred in refusing to include the language that he requested.

■ Whether or not a particular instruction should be given is a matter for the discretion of the trial court. *Buchanan v. State,* 561 P.2d 1197 (Alaska 1977); *Sears v. State,* 713 P.2d 1218 (Alaska App. 1986). Alaska Criminal Rule 30 requires the court to "instruct the jury on all matters of law which it considers necessary for the jury's information in giving their verdict." Under this rule, the jury must be instructed on the elements of the charge and on any defense that finds support in the evidence. Beyond that, however, the court's discretion to decide what instructions to give to the jury is broad. *Larson v. State,* 656 P.2d 571 (Alaska App.1982). When a standard instruction correctly sets

out the elements of an offense or a defense, the court is under no obligation to give an instruction tailor-made to the facts of a specific case unless unique circumstances exist that would render the special instruction especially helpful to the jury. *Wortham v. State,* 689 P.2d 1133, 1143 (Alaska App.1984).

In Stoneking's case, Judge Hodges instructed the jury on the defense of heat of passion. Although the instruction did not specifically address the facts of Stoneking's case, it fully and accurately explained the elements of heat of passion and serious provocation, as set out in Alaska's revised criminal code. *See* AS 11.41.115(a) and (f). Stoneking does not challenge the correctness or completeness of the instruction actually given; he contends only that he was entitled to particularized language informing the jury that adultery might be the type of provocation supporting a finding of heat of passion.

■ We find no merit in this contention. The primary issue at Stoneking's trial was not whether a discovered act of adultery could ever amount to serious provocation under the applicable Alaska statute. Rather, the issue was whether Stoneking's claim of heat of passion was reasonable given the particular circumstances of his case. The evidence at trial showed that Stoneking had been separated from his wife for a considerable period of time and had become increasingly jealous because she was seeing other men. Stoneking drove past his wife's house on the night of the offense and saw Jensen's car outside. He then drove to his own home, armed himself with a handgun, returned to his wife's house and broke in. Stoneking encountered his wife and Jensen in the living room of the house, where they had been asleep "snuggled up on the couch," apparently fully clothed. He then shot them both.

Based on this evidence, the state theorized that Stoneking broke into the house for the express purpose of killing his wife and Jensen. In contrast, Stoneking maintained that he had broken into his wife's

house only out of concern for his children. He insisted that, when he encountered his wife and Jensen together in the living room, everything became "like a dream." Stoneking testified that he was unable to recall the actual shooting.

At trial, the state never argued that the defense of heat of passion was categorically inapplicable to situations of adultery, nor did it contend that Stoneking would not have been entitled to claim the defense had he unexpectedly encountered his wife in an actual act of adultery. Nothing in the instructions actually given by the court expressly or impliedly precluded the jury from fully considering a discovered act of adultery to be serious provocation, and the trial court allowed Stoneking's counsel a full opportunity to argue his theory of the case to the jury.

Under the circumstances, it does not appear to us that the particularized language requested by Stoneking would have "substantially aided the jury." *Wortham v. State*, 689 P.2d at 1143. Accordingly, the trial court did not abuse its discretion in rejecting the proposed instruction.

■ Stoneking next argues that the trial court erred in excluding portions of a statement that he made to the police. On the day after the shooting, Alaska State Troopers interviewed Stoneking on at least three separate occasions; they recorded the interviews. Midway through the third interview, Stoneking agreed to show troopers the area where he had disposed of the murder weapon and other articles used in the shooting. The troopers went to that location with Stoneking, recording their excursion on videotape. Conversation with Stoneking during the excursion, which was picked up on the videotape, was fairly perfunctory, relating mostly to circumstances surrounding Stoneking's abandonment of the evidence. The audio recording of Stoneking's interview stopped during the videotaping and resumed after the videotaped excursion ended. A transcript of the entire third interview was prepared, including all statements Stoneking had made on audio and videotape. The videotaped por-

tion of the interview consumed approximately three of thirty transcript pages.

During Stoneking's trial, one of the troopers who had accompanied Stoneking during the videotaped excursion testified about the circumstances surrounding discovery of the murder weapon. The trooper was allowed, without objection, to show the videotape to the jury. On cross-examination, Stoneking attempted to question the trooper about apparently unrelated exculpatory remarks that Stoneking had made during the earlier portion of the third interview, which had been recorded on audio tape. The state objected. In response, Stoneking insisted that Alaska Rule of Evidence 106 entitled him to admission of the entire third interview, since the state had been allowed to admit the portion of the interview that was videotaped. Judge Hodges sustained the state's objection, finding Stoneking's exculpatory remarks inadmissible hearsay.

Stoneking argues that the court's ruling was error. He again relies exclusively on A.R.E. 106, which provides:

When a writing or recorded statement or part thereof is introduced by a party, an adverse party may require him at that time to introduce any other part or any other writing or recorded statement which ought in fairness to be considered contemporaneously with it.

Stoneking's argument misconstrues this rule. The plain language of the rule does not categorically confer upon one party the right to admission of a complete written or recorded statement when an opponent has admitted only part. Instead, the rule confers the limited right to admit omitted portions of the statement that "ought in fairness be considered contemporaneously." The limited purpose of A.R.E. 106 is to allow a party to admit omitted portions of a partially admitted statement only when and only to the extent that the omitted portions are necessary to provide context to the admitted portions, or to explain or clarify them. *Stumpf v. State*, 749 P.2d 880, 899 (Alaska App.1988). The rule does not make admissible statements that would otherwise be inadmissible; it is meant only

**952**

to allow contemporaneous admission of evidence that would ordinarily not be admissible until later stages of the trial. *See* A.R.E. 106 Commentary (1979).

Here, Judge Hodges correctly found the omitted portion of the third interview that Stoneking sought to present to the jury to be the type of exculpatory out-of-court statement that would normally amount to inadmissible hearsay. *See Agoney v. State*, 608 P.2d 762 (Alaska 1980). Nothing in the proffered statement or in any other omitted portions of the third interview appears to have been necessary to clarify, explain, or provide context to the videotaped portion that the jury heard. Accordingly, Judge Hodges correctly excluded reference to the omitted portions of the interview. We find no error.

The judgment is AFFIRMED.