**Shaun A. HAYES, Appellant (Defendant),**

v.

**The STATE of Wyoming,
Appellee (Plaintiff).**

No. 96–80.

Supreme Court of Wyoming.

April 4, 1997.

Sylvia Lee Hackl, State Public Defender; Donna D. Domonkos, Appellate Counsel, for appellant.

William U. Hill, Attorney General; Paul S. Rehurek, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; Kimberly A. Baker–Musick, Assistant Attorney General, for appellee.

Before TAYLOR, C.J., and THOMAS, MACY, GOLDEN and LEHMAN, JJ.

GOLDEN, Justice.

Shaun A. Hayes (Hayes) appeals from his conviction and sentence for knowingly taking immodest, immoral or indecent liberties with his four year old daughter in violation of WYO. STAT. § 14–3–105, based on several assignments of evidentiary error. Finding no error or abuse of discretion, we affirm the conviction and sentence of the district court.

## ISSUES

Appellant Hayes presents the following as his statement of the issues:

I. Was the appellant denied a fair trial when two physicians were able to give expert opinions based on the victim's statements and the victim's mother's statements absent any physical findings of abuse?

II. Was the appellant denied a fair trial due to discovery violations by the state and the trial court's rulings on discovery?

III. Did the trial court's adverse rulings on several evidentiary matters prevent the appellant from having a fair trial?

The State of Wyoming presents the issue as simply, "[w]hether appellant's trial was fair?"

## FACTS

In December of 1993, Hayes and his wife, the mother of the victim, separated. During Hayes' criminal trial, the mother reported that the victim mentioned some sexual abuse by her father in October and November of 1993, but because the mother did not find any evidence of abuse and the victim did not say anything else which suggested inappropriate conduct, she took no further action at that time.

In late March, the mother and Hayes' mother traveled to Greeley, Colorado, with the victim. On March 24, 1994, while in Colorado, the victim saw a male horse and commented to her mother that the horse was a boy because he had a "crotch in his pee-pee." The victim continued, telling her mother "Yeah. A crotch in his pee-pee. And I won't put my mouth on daddy's any more. I won't let him touch my butt or my pee-pee any more, either." The victim's mother decided to contact the Department of Family Services (DFS) when they returned to their home in Gillette, Wyoming.

The next day, when they arrived in Gillette, the mother contacted DFS and the Gillette Police Department and made interview appointments for March 29, 1994. A DFS social worker and a Gillette police detective interviewed the victim. As a result of those interviews, the victim was examined by Dr. Julie Fall and Dr. Andrew Sirotnak and began attending counseling sessions with Dr. William Heineke.

On April 21, 1995, a felony information was filed, alleging Hayes violated WYO. STAT. § 14-3-105 by sexually molesting the victim, whose date of birth is November 5, 1988, on or between February, 1993, and December, 1993. On April 25, 1995, counsel for Hayes filed a demand for discovery pursuant to Rule 16 of the Wyoming Rules of Criminal Procedure. Hayes pled not guilty to the charges on May 24, 1995.

The victim, the mother, the three doctors, the social worker and the detective, among others, all testified at trial. After the trial, the jury returned a guilty verdict, convicting Hayes of indecent liberties with a minor. On December 19, 1995, Hayes was sentenced to three to five years in the state penitentiary and fined one thousand dollars. Hayes filed a timely notice of appeal.

## STANDARD OF REVIEW

Hayes argues his trial was not fair because the trial court erred in several of its evidentiary rulings. Rulings on the admissibility of evidence are within the sound discretion of the trial court and will not be reversed on appeal absent demonstration of a clear abuse of discretion. *McGinn v. State*, 928 P.2d 1157, 1161 (Wyo.1996) (citing *Vit v. State*, 909 P.2d 953, 957 (Wyo.1996)). This Court will not find an abuse of discretion as long as a legitimate basis exists for the trial court's rulings. *McGinn*, 928 P.2d at 1161. Thus, unless the trial court's decision exceeds the bounds of reason, no abuse of discretion will be found. *Vit*, 909 P.2d at 956–57.

Hayes also alleges the trial court abused its discretion when it failed to declare a mistrial after the testimony of one of the witnesses. We review a trial court's denial of a motion for a mistrial under the same abuse of discretion standard discussed above. *Hodges v. State*, 904 P.2d 334, 343 (Wyo. 1995).

## DISCUSSION

*Dr. Fall's testimony*

Hayes complains the trial court erred when it admitted expert testimony from Dr. Fall which was based, in part, on the history provided by the victim's mother. When the State called Dr. Fall to testify, she began her testimony by explaining that she examined the victim on March 30, 1994. During voir dire by defense counsel, Dr. Fall stated that she examined the victim to evaluate her for signs of sexual molestation and obtained a history of the victim from the mother. Counsel objected to the testimony. After hearing testimony from Dr. Fall that generally examinations for sexual molestation include obtaining a history from the parent and that requesting some history is a normal practice, the trial court overruled the objection.

■ Dr. Fall testified about her conversation with the victim and the victim's description of what Hayes did to her. Dr. Fall also related the mother's brief reiteration of statements made to her by the victim as part of the history. The mother's comments were much less specific and merely cumulative to the victim's description. Dr. Fall then testified that, in her expert opinion, the victim's behavior was consistent with a child who had been sexually abused. She based her opinion on the history given to her from the victim and the mother and the fact that children the victim's age do not have the imagination to make up stories like the one related to her by the victim. After Dr. Fall completed her testimony, counsel moved for a mistrial, claiming Dr. Fall improperly stated an opinion on the ultimate issue. The court denied that motion.

Hayes claims Dr. Fall's testimony does not fall within Rule 803(4) of the Wyoming Rules of Evidence and should not have been admitted by the trial court. Wyo. R. Evid. 803(4) provides:

The following are not excluded by the hearsay rule, even though the declarant is available as a witness:

\* \* \* \* \* \*

(4) *Statements for purposes of medical diagnosis or treatment.*—Statements made for purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment;

\* \* \* \* \* \*

Clearly, those statements made to Dr. Fall by the victim are admissible under Wyo. R. Evid. 803(4). The statements made by the victim to the witness were consistent with the purpose for which the witness became involved with the victim and Dr. Fall relied on those statements in connection with her

diagnosis of sexual abuse. *See Blake v. State,* 933 P.2d 474, 477–78 (Wyo.1997); *Betzle v. State,* 847 P.2d 1010, 1017 (Wyo.1993); *Owen v. State,* 902 P.2d 190, 195 (Wyo.1995).

Hayes also argues that Dr. Fall's testimony was not admissible because it was based, in part, upon statements given to her by the victim's mother. In *McGinn,* we addressed a similar argument, where the testifying expert psychologist related information given to her by the defendant's sister concerning sexual abuse perpetrated upon her by the defendant. *McGinn,* 928 P.2d at 1162. In *McGinn,* we quoted CHRISTOPHER B. MUELLER & LAIRD C. KIRKPATRICK, FEDERAL EVIDENCE § 358, at 691 (footnotes omitted):

**Testimony presenting psychiatric and psychological evaluations can rest on out-of-court statements** by the subject and by other examiners, as well as statements **by lay people who know the subject** (friends, **family,** nonprofessional caretakers). **The hearsay doctrine does not block such uses of statements by the subject,** and statements by other examiners would likely be admissible. **Again the point is that the expert testimony may rest on them regardless whether they are proved or fit an exception, and even if the expert did not learn of them by firsthand observation, so long as his source was** *reasonable.* **Both the defense and the government regularly use such testimony when the issue is sanity (criminal responsibility) or competency to stand trial, and similar testimony is admissible in other contexts.**

*McGinn,* 928 P.2d at 1162 (emphasis in original).

■ Although out-of-court statements made by a third party ordinarily may not be used to prove the truth of the matter asserted, such statements may be allowed for the limited purpose of showing the basis of an expert's opinion, so long as other experts in the field would reasonably rely on similar evidence. Wyo. R. Evid. 703;[1] *McGinn,* 928

---

1. Wyo R. Evid. 703 states:
   **Bases of opinion testimony by experts.**
   The facts or data in the particular case upon which an expert bases an opinion or inference may be those perceived by or made known to him at or before the hearing. If of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject, the facts or data need not be admissible in evidence.

P.2d at 1162–63; *LP v. Natrona County Dep't of Pub. Assistance and Social Svs.,* 679 P.2d 976, 1004 (Wyo.1984). The State properly provided a foundation for the evidence presented by asking Dr. Fall to explain: 1) where she obtained her information; 2) that in child sexual abuse cases it is normal to obtain information from family members; 3) that she relied upon this information as a basis for her diagnosis; and 4) how she relied upon that information to come to her conclusions. Dr. Fall's testimony concerning the mother's statements were not offered for the truth of the matter asserted, the evidence was relevant because it established a basis for the doctor's expert opinion, and her testimony was her own opinion, not that of others. *See McGinn,* 928 P.2d at 1163. Therefore, we hold that the State properly laid the foundation for Dr. Fall's testimony and the evidence was properly admitted under Wyo. R. Evid. 703. Additionally, as we noted earlier, the mother's statements to Dr. Fall were less specific and merely cumulative of the abuse described by the victim. Contrary to his claim, Hayes was not prejudiced by Dr. Fall's testimony concerning the mother's statements. The trial court exercised sound judgment with regard to what was right under the circumstances and without doing so arbitrarily or capriciously. The trial court did not abuse its discretion.

■ Hayes also appeals the trial court's denial of his motion for a mistrial. After Dr. Fall stated her opinion that the victim had been sexually abused, Hayes moved for a mistrial because the doctor had improperly given her opinion on the ultimate issue. We have held:

> Because the question of whether a child has been molested is generally beyond common experience, allowing an expert to testify on the issue assists the trier of fact. A layman observing the same medical evidence as [the doctor] observed would have difficulty knowing how to interpret the data. In *Townsend v. State,* 103 Nev. 113, 734 P.2d 705, 708 (1987), the Nevada Su-

preme Court found it was appropriate for an expert to testify on the issue of whether a child had been sexually abused:

> [I]t was proper for the State's expert to express an opinion on the issue of whether the child had, in fact, been sexually assaulted or abused. Such an opinion, although embracing an ultimate issue, represents both the peculiar expertise and consummate purpose of an expert's analysis.

Because [the doctor] was an expert and her opinion assisted the trier of fact, we hold her testimony was admissible pursuant to W.R.E. 702.

[The doctor's] testimony was also not to be excluded merely because it embraced an ultimate issue. W.R.E. 704 allows opinions to be given on ultimate factual issues.

*Montoya v. State,* 822 P.2d 363, 366–67 (Wyo. 1991) (citations omitted). Under Rule 704 [2] Dr. Fall's opinion that the victim was sexually abused did not constitute inappropriate expert opinion testimony in this case. The trial court did not err in overruling the objection to Dr. Fall's testimony or denying the motion for a mistrial.

### Dr. Sirotnak's testimony

Hayes argues Dr. Sirotnak was improperly allowed to give his expert opinion based upon statements made to him by people other than the victim and statements found in reports, rather than from an interview with the victim. Dr. Sirotnak, a pediatrician specializing in the area of child abuse, child sexual abuse and child neglect, testified as an expert for the State. Dr. Sirotnak testified that when a case of reported abuse is referred to him for evaluation, he normally obtains as much information about the case as possible and that such information is often obtained from social workers, police officers, other agencies who may have had contact with the victim, and the parents of the child. To formulate an assessment or diagnosis and recommend a plan of treatment, Dr. Sirotnak reviews the information he is provided, takes a history from the parent, documents statements made

---

**2.** Wyo. R. Evid. 704 provides:

> **Opinion on ultimate issue.**
> Testimony in the form of an opinion or inference otherwise admissible is not objectionable

because it embraces an ultimate issue to be decided by the trier of fact.

by the child and conducts a physical examination. Dr. Sirotnak testified that he prefers not to go through a full interview with the child victim because it can be traumatic for the child.

Dr. Sirotnak testified that he evaluated the victim according to this standard evaluation procedure. The evaluation included reviewing the information provided concerning statements the victim made to others, speaking to the mother, taking a medical history of the victim, reviewing her symptoms and conducting a medical examination; but did not include an interview with the victim. Finally, Dr. Sirotnak gave his expert opinion that the victim had been sexually abused, noting that the victim displayed developmentally inappropriate knowledge of sex and sexual activity. Dr. Sirotnak then related several statements he relied upon in making his diagnosis. Like the testimony given by Dr. Fall, proper foundation was laid for Dr. Sirotnak's testimony and the third party hearsay statements were admissible under WYO. R. EVID. 703. Dr. Sirotnak reasonably relied on statements normally relied upon in diagnosing a victim of sexual abuse as a basis for his expert opinion. Therefore, admission of those statements was not an abuse of discretion.

Hayes also contends he was denied a fair trial when he was not allowed, through cross-examination of Dr. Sirotnak, to explore the possibility that the victim gained her inappropriate knowledge of sexual matters by witnessing Hayes masturbating or urinating. Defense counsel questioned Dr. Sirotnak extensively, attempting to elicit testimony that the victim could have innocently obtained her sexual knowledge. When defense counsel asked the doctor if the child could have observed her father masturbate secretly, without his knowledge, the State objected to the question and the objection was sustained because the doctor did not have the knowledge required to answer the question and any answer would be speculative.

Hayes claims he was prevented from fully cross-examining the doctor on his defense theory of the case, thus rendering his trial unfair. However, contrary to the contention in his brief, the trial court did not abuse its discretion. Further, Hayes has not shown how he was prejudiced by a proper ruling that defense counsel was asking for inappropriate speculation from the doctor.

*Dr. Heineke's testimony*

In his second argument, Hayes contends the trial court erred in overruling his objection to testimony from Dr. Heineke, because the State violated Rule 16 of the Wyoming Rules of Criminal Procedure. He claims the State listed Dr. Heineke on its witness list, but failed to provide a summary of his testimony as required by Rule 16. In the State's response to the trial court's case management order, filed on August 4, 1995, we find the following:

> **William F. Heineke, Ed.D.**—will testify as an expert to his knowledge of, and contact with [the victim], his counseling sessions with the victim subsequent to the events which comprise the above referenced case, as to his expert opinion, based upon his knowledge of the victim, his training and experience, as to whether the victim exhibited the characteristics of a sexual abuse victim and the underlying basis for such expert opinion, statements made by the victim during her counseling, and factors, circumstances and information concerning sexual abuse of minor children having relevance to this case.

Based on the witness summary found in the record, Hayes' protest is without merit.

When Dr. Heineke was called as a witness for the State, he testified that the victim was referred to him in June of 1994. At that point, Hayes conducted voir dire of the witness and then objected to his testimony because he had not been allowed to review Dr. Heineke's reports or charts, despite attempts to obtain summaries through a Rule 16 motion and speaking to Dr. Heineke. Responding to the objection, the State explained that Dr. Heineke had not rendered a written diagnosis or report and that he had not submitted his charts to anyone. The trial court overruled the objection, noting that Hayes knew the State intended to call Dr. Heineke and reminding him that he was

given the opportunity to bring his alleged discovery problem to the court's attention during the pretrial conference, but failed to do so.

On August 4, 1995, the State of Wyoming filed its response to the court's case management order. In its August 24, 1995, order from the pretrial conference, held on August 21, 1995, the court noted defense counsel had no comments or concerns about the State's witnesses or exhibits, except to ask whether Dr. Sirotnak did an actual examination of the victim. We see no abuse of the court's discretion in allowing Dr. Heineke to testify under these circumstances.

■ Finally, Hayes alleges the court's failure to require Dr. Heineke to produce his charts was an abuse of discretion under WYO. R. EVID. 612(b), which states:

Before testifying. —If, before testifying, a witness uses a writing or object to refresh his memory for the purpose of testifying and the court in its discretion determines that the interests of justice so require, an adverse party is entitled to have the writing or object produced, if practicable, at the trial, hearing, or deposition in which the witness is testifying.

Dr. Heineke testified that he prepared his notes from his charts, consisting of a personal shorthand, and that he used the notes, not the charts, to refresh his recollection. Hayes received copies of the notes Dr. Heineke used to refresh his memory. Therefore, the requirements of Rule 612 were met and the court did not abuse its discretion in refusing to require the doctor to turn over his charts to the defense.

### The Police Report

■ Hayes complains he was denied a fair trial when the State was allowed to have witnesses read a complete police report into evidence. During cross-examination, two witnesses, the social worker and the detective, were examined about an interview with the victim, which was the subject of the police report. On redirect, the State inquired whether the cross-examination had covered the entire report and began asking questions about what was in the report.

When Hayes objected, claiming the information in the report was inadmissible hearsay, the trial court overruled the objection, indicating the State would be allowed to use the report to refresh the witnesses' recollection and to give a more complete and accurate representation of the victim's statements than had been presented by the defense. WYO. R. EVID. 106 provides:

When a writing or recorded statement or part thereof is introduced by a party, an adverse party may require him at that time to introduce any other part or any other writing or recorded statement which ought in fairness to be considered contemporaneously with it.

We see no abuse of discretion in allowing the State to present a more complete and accurate picture of the police report once the defense opened the door and presented a partial and selective picture of what was in the report. WYO. R. EVID. 106; and see Chavez–Becerra v. State, 924 P.2d 63, 69 (Wyo.1996); Ramirez v. State, 739 P.2d 1214, 1220 (Wyo.1987).

### The Babysitter

■ Hayes claims he was denied a fair trial when he was not allowed to fully question the victim's babysitter. On the third day of trial, Hayes filed notice of his intent to call the victim's babysitter as an additional witness. Hayes argued that he had been unable to locate the babysitter, who was mentioned in his ex-girlfriend's journal. The journal indicated that the victim told the babysitter that the victim's mother had touched her "private parts." In his affidavit, Hayes indicated that the babysitter would testify about the victim's statement to her as reported in the ex-girlfriend's journal. The State objected to the additional witness. Hayes claimed that the babysitter believed the mother was the true perpetrator based on these types of statements. The trial court allowed the babysitter to testify, but only to those matters regarding which Hayes had given the State notice, i.e., the information in the journal. In refusing to allow Hayes to expand the scope of the babysitter's testimony, the court noted that the avenue Hayes

used to locate the witness had always been available and he could have discovered her much earlier.

We find no abuse of discretion in the trial court's decision to limit the babysitter's testimony. Hayes was allowed to present evidence that the mother, not the father, may have been the perpetrator, the witness could have been discovered earlier and the court merely limited the testimony to that which Hayes gave the State notice.

## CONCLUSION

Finding no errors or abuse of discretion in the trial court's evidentiary decisions, we affirm.