511 S.E.2d 873

**STATE of West Virginia, Plaintiff below, Appellee,**

v.

**Phillip A. GRAY, Defendant below, Appellant.**

**No. 25149.**

Supreme Court of Appeals of West Virginia.

Submitted Oct. 7, 1998.

Decided Dec. 14, 1998.

Darrell V. McGraw, Jr., Esq., Attorney General, Scott E. Johnson, Esq., Senior Assistant Attorney General, Charleston, West Virginia, Attorneys for Appellee.

Amy L. Austin, Esq., Assistant Public Defender, Public Defender Corporation, Fayetteville, West Virginia, Attorney for Appellant.

PER CURIAM:

Phillip Gray (hereinafter "Gray" or "Appellant") appeals his conviction in the Circuit Court of Fayette County of the offense of delivery of a controlled substance. Gray contends that notes written by the arresting police officer should not have been admitted into evidence as an exhibit against Gray, because the notes were only used to refresh the officer's memory, and because the contents of the notes were hearsay. After thorough review of the record, we affirm the decision of the lower court.

### I. Facts

On the evening of October 4, 1996, Gray was approached by Raymond Hicks, an individual working undercover for the West Virginia State Police and the Fayette County Sheriff. Subsequent to a short discussion between Mr. Gray and Mr. Hicks concerning the purchase of drugs, Mr. Gray informed Mr. Ronald Lawson that Mr. Hicks desired to purchase some cocaine.

Mr. Lawson left for several minutes. When he reappeared, he handed Mr. Hicks some cocaine, and Mr. Hicks gave Mr. Lawson a marked bill. It was disputed at Mr. Gray's trial whether Mr. Gray gave Mr. Hicks $10.00 in change for his $60.00. Mr. Hicks testified that he was not sure if Mr. Gray had given him any change.

After Mr. Hicks bought the cocaine, he was debriefed by Sergeant Ballard of the West Virginia State Police. During this debriefing, Sergeant Ballard took notes on the information that Mr. Hicks provided. Mr. Gray was subsequently arrested and charged with "possession with intent to deliver a con-

trolled substance."[1] During the course of Mr. Gray's trial, Sergeant Ballard was called to testify by the State. On cross-examination, Mr. Gray's counsel asked Sergeant Ballard who provided change to Mr. Hicks. Sergeant Ballard said he could not recall. Defense counsel then asked Sergeant Ballard whether reading his debriefing notes would refresh his memory. After Sergeant Ballard indicated that reading his notes would refresh his memory, defense counsel provided Sergeant Ballard with a copy of the debriefing notes. Sergeant Ballard asked defense counsel if she wanted him to read the bottom of the report concerning the individual from whom Mr. Hicks received his $10.00 in change. Defense counsel told Sergeant Ballard, "You can read it." Sergeant Ballard then read aloud the section of the notes dealing with the purchase and the rendering of change.[2] Defense counsel then said, "So Ronnie Lawson gave him the $10 change?" Sergeant Ballard answered, "Yes, ma'am."

During redirect examination of Sergeant Ballard, the State moved to have the debriefing notes in their entirety admitted into evidence as an exhibit, after Sergeant Ballard confirmed that to the best of his recollection the debriefing notes contained statements made by Mr. Hicks on the night of the alleged drug transaction. Without objection by defense counsel, the notes were marked as an exhibit. The State then moved for introduction of the exhibit, and defense counsel objected. The lower court overruled the objection, stating, "The jury is entitled to the entire document once you've shown a part of it."

Mr. Gray contends on appeal that the trial court committed error in admitting the debriefing notes in their entirety. Mr. Gray maintains that the notes do not fall within any exception to the hearsay rule and are therefore inadmissible without further discussion.[3]

## II. Standard of Review

■ In addressing a lower court's discretion in rulings on admissibility, we explained as follows in Syllabus Point 1 of *McDougal v. McCammon*, 193 W.Va. 229, 455 S.E.2d 788 (1995):

The West Virginia Rules of Evidence and the West Virginia Rules of Civil Procedure allocate significant discretion to the trial court in making evidentiary and procedural rulings. Thus, rulings on the admissibility of evidence and the appropriateness of a particular sanction for discovery violations are committed to the discretion of the trial court. Absent a few exceptions, this Court will review evidentiary and procedural rulings of the circuit court under an abuse of discretion standard.

## III. West Virginia Rules of Evidence 106

■ Rule 106 of the West Virginia Rules of Evidence provides: "When a writing or recorded statement or part thereof is introduced by a party, an adverse party may require the introduction at that time of any other part or any other writing or recorded statement which ought in fairness to be considered contemporaneously with it." Rule 106, based upon the common law "rule of completeness," is designed to reduce the risk that a writing or recording will be taken out

---

1. Mr. Gray was charged with violating West Virginia Code § 60A–4–401(a)(i)[1983], which states in pertinent part:
   (a) Except as authorized by this chapter, it is unlawful for any person to manufacture, deliver, or possess with intent to manufacture or deliver, a controlled substance.
   Any person who violates this subsection with respect to:
   (I) A controlled substance classified in Schedule I or II which is a narcotic drug, is guilty of a felony, and, upon conviction, may be imprisoned in the penitentiary for not less than one year nor more than fifteen years, or fined not more than twenty-five thousand dollars, or both.

2. The section that Ballard read stated:

   "[Lawson] went around [the] house and came back out, and he showed me three 50s [the cocaine], and I took one and gave him the $60 and he gave me $10 change."

3. Hearsay is defined as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." West Virginia Rules of Evidence 801(c)[1994]. Hearsay is not admissible unless it falls under one of the exceptions that are enumerated in Rules 803 and 804 of the West Virginia Rules of Evidence.

of context or that an initial misleading impression will influence the minds of the jurors. S. Saltzburg, M. Martin, D. Capra, Federal Rules of Evidence Manual, pp. 98–99 (1998), citing, *United States v. Walker,* 652 F.2d 708, 713 (7th Cir.1981).

While the language of the rule would technically render it applicable where one party actually introduces a writing or recorded statement into evidence, it is also applicable where the party's utilization of the writing or recorded statement is "tantamount to the introduction of the [document] into evidence." *Rainey v. Beech Aircraft Corp.,* 784 F.2d 1523, 1529 n. 11, *cert. granted, Beech Aircraft Corp. v. Rainey,* 485 U.S. 903, 108 S.Ct. 1073, 99 L.Ed.2d 233 (1988). Thus, reading into the record from a document would be tantamount to introducing that document for purposes of Rule 106. ·

In *Beech Aircraft Corp. v. Rainey,* 488 U.S. 153, 109 S.Ct. 439, 102 L.Ed.2d 445 (1988), the United States Supreme Court recognized "that when one party has made use of a portion of a document, such that misunderstanding or distortion can be averted only through presentation of another portion, the material required for completeness is ipso facto relevant and therefore admissible under Rule 401 and 402." *Id.* at 172, 109 S.Ct. 439. Likewise, it is acknowledged in John W. Strong, McCormick on Evidence § 56, at 228 (4th Ed.1992), that if the first party introduces a part of a writing, the adversary has a right to introduce the remainder of that writing during his or her own next stage of presentation of proof.

In 7 James A. Adams & Kasey W. Kincaid, *Iowa Practice* § 106.1, at 72 n. 1 (1988), the authors note:

> Although a technical reading of the rule would limit its applicability to cases where the primary evidence is actually introduced, the underlying goal of the rule suggests that it should apply where testimony concerning a document is elicited but the document itself is not formally introduced. A contrary result could enable litigants to

circumvent the concerns of fairness and completeness upon which the rule is predicated.

In *State v. Taylor,* 333 S.C. 159, 508 S.E.2d 870 (1998), a murder trial involving evidence introduced through a man with whom the decedent had maintained an extra-marital relationship, the South Carolina court addressed Rule 106 and reasoned as follows:

> Appellant effectively placed a portion of [the] statement into evidence by having [it] read directly from the statement. Accordingly, in the interest of fairness and completeness, it would have been appropriate for the trial judge to require the introduction of any other portion of [the] statement which explained or clarified ... [the issue].

In *State v. Dunlap,* 187 Ariz. 441, 930 P.2d 518 (App.1996), *cert. denied, Dunlap v. Arizona,* 520 U.S. 1275, 117 S.Ct. 2456, 138 L.Ed.2d 214 (1997), Arizona Rule 106[4] was examined. Acknowledging Federal Rule 106 as the source of the state rule, the *Dunlap* court consulted the advisory committee's notes to the federal rule, which provided as follows:

> The rule is an expression of the rule of completeness .... The rule is based on two considerations. The first is the misleading impressions created by taking matters our of context. the second is the inadequacy of repair work when delayed to a point later in the trial....

*Dunlap,* 930 P.2d at 531, quoting Fed. R.Evid. 106 advisory committee's note.

## IV. Interplay Between Rule 106 and Hearsay Rules

■ Considerable disagreement exists among legal scholars regarding whether Rule 106 can justify the introduction of otherwise inadmissible evidence. *See* C. Wright and K. Graham, Federal Practice & Procedure § 5078, discussing controversy over this issue. In *Hayes v. State,* 935 P.2d 700 (Wyo. 1997), the Wyoming court approved the admission of a police report under Wyoming

---

**4.** Arizona Rule 106 is similar to West Virginia Rule 106, as follows:

When a writing or recorded statement or part thereof is introduced by a party, an adverse party may require the introduction at that time of any other part or any other writing or recorded statement which ought in fairness to be considered contemporaneously with it.

Rule 106 after defense counsel selectively used parts of the report at trial. The court reasoned as follows:

> Hayes complains he was denied a fair trial when the State was allowed to have witnesses read a complete police report into evidence. During cross-examination, two witnesses, the social worker and the detective, were examined about an interview with the victim, which was the subject of the police report. On redirect, the State inquired whether the cross-examination had covered the entire report and began asking questions about what was in the report. When Hayes objected, claiming the information in the report was inadmissible hearsay, the trial court overruled the objection, indicating the State would be allowed to use the report to refresh the witnesses' recollection and to give a more complete and accurate representation of the victim's statements than had been presented by the defense.... We see no abuse of discretion in allowing the State to present a more complete and accurate picture of the police report once the defense opened the door and presented a partial and selective picture of what was in the report. Wyo. R. Evid. 106; and see *Chavez–Becerra v. State*, 924 P.2d 63, 69 (Wyo. 1996); *Ramirez v. State*, 739 P.2d 1214, 1220 (Wyo.1987).[5]

935 P.2d at 707 (footnote added).

In *State v. Austin*, 585 N.W.2d 241 (Iowa 1998), a videotape of an interview with a child victim was deemed admissible under Rule 106. 585 N.W.2d at 243. The Iowa court noted that Iowa's Rule 106, similar to West Virginia Rule 106[6] "establishes an independent standard for the admissibility of additional evidence, thus obviating any debate concerning whether evidence may be admitted only if otherwise admissible." *Id.*, quoting 7 James A. Adams & Kasey W. Kincaid, *Iowa Practice* § 106.1, at 72 n. 11 (1988).

Some approaches, however, would permit Rule 106 to serve only a "limited purpose" of permitting

> a party to admit omitted portions of a partially admitted statement only when and only to the extent that the omitted portions are necessary to provide context to the admitted portions, or to explain or clarify them. The rule does not made admissible statements that would otherwise be inadmissible; it is meant only to allow contemporaneous admission of evidence that would ordinarily not be admissible until later stages of the trial.

*Stoneking v. State*, 800 P.2d 949, 951–52 (Alaska App.1990) (citations omitted.)

Professor Cleckley explains that Rule 106 is designed to ensure "that the presentation of a writing or recorded statement accurately reflects its true meaning." See F. Cleckley, Handbook on Evidence for West Virginia Lawyers Sec. 1–7(C)(6) (3d ed.1994). While Professor Cleckley states that the remainder of the writing "might have to be admissible under some other portion of the rules of evidence," he also recognizes that "[w]here clarification is needed it would appear that the remainder evidence should take precedence over exclusionary rules." *Id.* "Rule 106 cannot be interpreted to allow the admission of inadmissible evidence, except to the extent that it is necessary, in fairness, to explain what the other party has elicited." *Id.*[7]

---

**5.** Wyo. R. Evid. 106 provides: "When a writing or recorded statement or part thereof is introduced by a party, an adverse party may require him at that time to introduce any other part or any other writing or recorded statement which ought in fairness to be considered contemporaneously with it."

**6.** Iowa Rule 106 provides as follows:

When an act, declaration, conversation, writing, or recorded statement, or part thereof, is introduced by a party, any other part or any other act, declaration, conversation, writing, or recorded statement is admissible when nec-

essary in the interest of fairness, a clear understanding, or an adequate explanation.

**7.** We also note that the remainder evidence admitted through Rule 106 may not technically meet the definition of hearsay in some circumstances. If the remainder evidence is introduced for the purpose of providing context for the portion of the writing already utilized, rather then being offered to prove the truth of the matter asserted, the remainder evidence is not technically hearsay, pursuant to the definition of hearsay in Rule 801(c). That rule defines hearsay as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered

In *State v. Neal,* 179 W.Va. 705, 371 S.E.2d 633 (1988), this Court encountered an argument similar to the Appellant's contentions. In footnote three of that opinion, we explained:

> The accused assigns the admission of the pretrial statement as error. In his statement, the accused said he was upset because, just prior to the shooting, a person would not sell him marihuana and the accused proceeded to fight with him. The accused had previously prevailed on a motion to suppress the statement because of the officers' failure to take Neal before a magistrate. Later, the accused sought to cross-examine the officers with that part of the statement where Neal said he was upset prior to the shooting incident. The trial judge ruled that, based upon the rule of completeness (W.Va.R.Evid.106), if the accused intended to use that part of the statement, the State would be free to introduce the rest of the statement concerning Neal being upset due to the attempted marihuana purchase. See F. Cleckley, Handbook on Evidence for West Virginia Lawyers Sec. 9.1(B) (2d ed.1986), concerning the exercise of discretion by a trial judge in admitting complete statement for fundamental fairness. The accused elicited the testimony, therefore, he is not entitled to raise its admission on appeal. Syl. pt. 2, *State v. Harshbarger,* 170 W.Va. 401, 294 S.E.2d 254 (1982).

179 W.Va. at 708 n. 3, 371 S.E.2d at 636 n. 3.

■ The case sub judice is analogous to *Neal* to the extent that the accused elicited the testimony which triggered the Rule 106 applicability. Based upon the Appellant's counsel's initial introduction of a portion of Sergeant Ballard's notes by having Sergeant Ballard read them into the record, we find that the Appellant waived any hearsay objections he may have had to that evidence. Addressing a defendant's right to object to information initially elicited by the defense, we explained as follows in *State v. Hanson,* 181 W.Va. 353, 382 S.E.2d 547 (1989):

> It may well be that Trooper Gillespie's testimony as to the suspicious origin of the fire, based on his conversations with Corporal Humphreys and his reading of the fire marshal's investigatory report, was hearsay and inadmissible. However, defense counsel not only failed to object to this testimony, but actually elicited it in the first instance on cross-examination of Trooper Gillespie.

In Syllabus Point 2 of *State v. McWilliams,* 177 W.Va. 369, 352 S.E.2d 120 (1986), we observed: " 'An appellant or plaintiff in error will not be permitted to complain of error in the admission of evidence which he offered or elicited, and this is true even of a defendant in a criminal case.' Syl. pt. 2, *State v. Bowman,* 155 W.Va. 562, 184 S.E.2d 314 (1971)."

Professor Cleckley traces the common law forefather of Rule 106 to pre–1900 cases such as *Schwarzbach v. Ohio Valley Protective Union,* 25 W.Va. 622 (1885), wherein the Court stated that "a party offering in evidence a written paper must offer the whole, and when a plaintiff offers a paper, his opponent is entitled to insist, as he did in this case, that the whole be introduced as part of plaintiff's case." Thus, the admission by the lower court of the remainder of the notes in the present case is nothing innovative or unconventional. It is firmly founded in the common law rule of completeness and its modification and enhancement through Rule 106. As recognized above, our review of the lower court's admission is limited to the abuse of discretion standard. We cannot conclude, based upon the evidence of record before us, that the lower court abused its discretion in deeming the remainder of the notes admissible under Rule 106.

■ Moreover, even if we were to find that the lower court abused its discretion in the admission, prejudice must be demonstrated to reverse a conviction based upon erroneous admission of evidence. In Syllabus Point 7 of *Torrence v. Kusminsky,* 185 W.Va. 734, 408 S.E.2d 684 (1991), we explained that " '[a] judgment will not be reversed because of the admission of improper or irrelevant evidence when it is clear that the verdict of the jury could not have been affected thereby.' Syllabus Point 7, *Starcher v. South Penn Oil Co.,* 81 W.Va. 587, 95 S.E.

in evidence to prove the truth of the matter asserted."

28 (1918)." In light of other evidence of the transaction at issue and the Appellant's involvement therein, the effect of the introduction of the remainder of the officer's notes was negligible.[8] In fact, in this particular circumstance, the notes may actually have improved the Appellant's case since the remainder of the notes did not contradict the portion read into evidence regarding the giving of $10 in change to Mr. Hicks. If defense counsel's objective was to present the jury with conflicting testimony regarding the drug exchange and the individual who actually consummated the sale with Mr. Hicks, certainly introduction of the notes in their entirety, indicating that it was not the Appellant who gave Mr. Hicks the change, was not injurious to the Appellant.

We affirm the decision of the lower court.

Affirmed.

Justice McGRAW did not participate.

---

8. We do note, however, that the better practice is for lower courts to review the remainder evidence to determine the portions of the remainder, whether in part or in whole, to be properly admitted under the Rule 106 standard. Rule 106 does not require introduction of the entire document, but rather only that portion of the remainder of the document which explains or clarifies the previously admitted portion.