# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Leetta Beachum, Individually and
as Administratrix of the Estate of
Shana Cowley,
Plaintiff Below, Petitioner**

**FILED**

June 24, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs) No. 11-1469 (Kanawha County 09-C-1703)**

**Timothy Joseph White,
Defendant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Leetta Beachum, by counsel Thomas R. Goodwin and W. Jeffrey Vollmer, appeals the judgment order of the Circuit Court of Kanawha County entered on August 23, 2011. Respondent Timothy Joseph White appears by counsel David A. Mohler and Greg S. Foster.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

I.

Shana Cowley, the daughter of petitioner and girlfriend of respondent, died on October 29, 2008, of internal injuries sustained when she jumped from respondent's Jeep Grand Cherokee while arguing with him. Petitioner filed a complaint in the Circuit Court of Kanawha County on September 14, 2009, asserting that respondent was at fault for Shana's death. The matter proceeded to trial on August 8, 2011. At the conclusion of the trial, the jury found that respondent did not falsely imprison Shana and did not cause her death, the two bases of liability relied upon by petitioner. Petitioner then filed a motion for a new trial pursuant to West Virginia Rules of Civil Procedure 59(a) on August 29, 2011, claiming that two errors committed below merited retrial and that the jury verdict was contrary to the weight of the evidence. She argues on appeal that the trial court wrongfully denied her motion in the face of those errors and the record.

"'A trial judge's decision to award a new trial is not subject to appellate review unless the trial judge abuses his or her discretion.' Syl. Pt. 3, in part, *In re State Public Bldg. Asbestos Litigation*, 193 W.Va. 119, 454 S.E.2d 413 (1994), *cert. denied sub nom. W.R. Grace & Co. v. West Virginia*, 515 U.S. 1160, 115 S.Ct. 2614, 132 L.Ed.2d 857 (1995)." Syl. Pt. 2, *State v. Vance*, 207 W.Va. 640, 535 S.E.2d 484 (2000). Furthermore,

1

[i]n reviewing challenges to findings and rulings made by a circuit court, we apply a two-pronged deferential standard of review. We review the rulings of the circuit court concerning a new trial and its conclusion as to the existence of reversible error under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a de novo review.

Syl. Pt. 3, *Id*. "A trial court's evidentiary rulings, as well as its application of the Rules of Evidence, are subject to review under an abuse of discretion standard." Syl. Pt. 4, *State v. Rodoussakis*, 204 W.Va. 58, 511 S.E.2d 469 (1998).

II.

Petitioner first challenges the trial court's decision to allow into evidence a video recording of respondent's statement to a police polygraph examiner, on the ground that the statement was hearsay. Petitioner preserved the hearsay objection at trial, but respondent's counsel argued that it was being offered in rebuttal of an earlier statement that was played by petitioner but not admitted into evidence.[1] The trial court allowed the statement, but the portion related to the polygraph was not played for the jury.

In that statement, offered through Lt. Sean Crosier of the Kanawha County Sheriff's Department, respondent talked about his argument with Shana. He said that it began through text messaging, and continued in the parking lot of West Virginia State University, followed by Shana's getting into his car without invitation, and her eventual punching of his jaw. He stated that he instructed Shana to get out of his car and she did, but she then re-entered the car and sat in the passenger seat. He told Shana he would take her home. Shana began to protest as they neared Sissonville. At the mouth of Derricks Creek Road, Shana opened the door and said that she was going to jump. He said, "I'm not letting you out and you would be sitting there by yourself." Respondent said he continued to drive for about another mile, until Shana leaped from the car. He said he slammed the brakes and ran toward her. After the statement was played,

---

[1]Through Kanawha County Sheriff's Office Detective Brian Carper, petitioner played, without objection, a recorded statement given by respondent immediately after the accident, at about 3:45 p.m. on October 29, 2008. In that statement, respondent explained that he and Shana began arguing through text messages at West Virginia State University sometime after his class ended at 1:15 p.m. that day, and the argument continued in the parking lot, where he called Shana a "bitch" and Shana got into the passenger seat of his car. He told her to "get the F out" but she refused, so he told her that he was going to take her home. The two continued to argue, and Shana continued to protest being taken home. Shana threatened to jump out of the car, and did so along Derricks Creek Road. At some point, respondent told Det. Carper that Shana had hit him in the jaw. After giving this statement to Detective Carper, respondent was informed that Shana had died. After the statement was played for the jury, respondent's counsel objected to its admission, arguing that the admission of the statement would afford undue weight to its content. The objection was sustained.

defense counsel asked Lt. Crosier if he believed respondent, and Lt. Crosier testified that he did.

Respondent contends that the statement was properly admitted, and would have us declare that the statement was excluded from the definition of hearsay pursuant to Rule 801(d)(1)(b) of the West Virginia Rules of Evidence, which explains that:

> [a] statement is not hearsay if . . . [t]he declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement is . . . consistent with the declarant's testimony and is offered to rebut an express or implied charge against the declarant of recent fabrication or improper influence or motive. . . .

Without reference to the record on appeal, respondent declares that the statement ". . . is a prior consistent statement offered to rebut [petitioner's] express and implied charges of recent fabrication against [respondent]." We require that arguments before this Court be supported by "appropriate and specific citations to the record on appeal . . ." W.Va. R. App. P. 10(c)(7). We are not obligated to consider assignments of error lacking the necessary support. *Id.* Inasmuch as respondent has offered no basis for his contention, or identified any "charge[] of recent fabrication[,]" we necessarily find that the statement in question is hearsay.

Respondent also contends here, though he did not below, that Rule 106 of the West Virginia Rules of Evidence required the introduction of the recorded statement. Per Rule 106, "[w]hen a writing or recorded statement or part thereof is introduced by a party, an adverse party may require the introduction at that time of any other part or any other writing or recorded statement which ought in fairness to be considered contemporaneously with it." While we have acknowledged that "[w]here clarification is needed it would appear that the remainder evidence should take precedence over exclusionary rules[,]" we also have stated that "Rule 106 cannot be interpreted to allow the admission of inadmissible evidence, except to the extent that it is necessary, in fairness, to explain what the other party has elicited." *State v. Gray*, 204 W.Va. 248, 252, 511 S.E.2d 873, 877 (1998) (quoting F. Cleckley, *Handbook on Evidence for West Virginia Lawyers*, Sec. 1-7(C)(6) (3d ed. 1994). We do not believe that the earlier statement proffered by petitioner lacked clarity, or that there was a danger that the earlier statement would be taken out of context. Despite a few minor inconsistencies pointed out by petitioner[2], the statements are substantially similar, and neither is likely to elucidate the other. Under the very narrow factual pattern presented, Rule 106 did not require the admission of the statement in question.

---

[2]On cross-examination, petitioner's counsel questioned respondent about alleged discrepancies or inaccuracies in the prior statements, including: the length of time that respondent argued with Shana in the parking lot at West Virginia State University before leaving; whether respondent told Shana where he intended to take her before backing out of the parking lot; whether respondent told Shana at the mouth of Derricks Creek Road that she could not get out of the car; whether Shana said there that she wanted to get out of the car; whether the event of Shana's jumping took place in the course of two seconds or five seconds; and whether respondent used his brakes as Shana jumped.

However, the similarity of the two statements embodies, at least in part, the reason that we will not reverse on this ground. We have written:

> Even where a court wrongly admits hearsay evidence, an appellate court will not disturb a resulting order, on that basis alone, where the admission constitutes harmless error and the appellate court is reasonably assured that the error did not affect the substantial rights of the parties. Rule 61 of the West Virginia Rules of Civil Procedure provides:
>
>> No error in either the admission or the exclusion of evidence and no error or defect in any ruling or order in anything done or omitted by the court or by any of the parties is ground for granting a new trial or for setting aside a verdict or for vacating, modifying or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties.
>
> Additionally, the admission of hearsay testimony is generally considered to be harmless error where the information in question is cumulative of other legally admissible evidence showing the same fact.

*Horkulic v. Galloway*, 222 W.Va. 450, 462, n.9, 665 S.E.2d 284, 296, n.9 (2008).

Petitioner suggests that the admission of the statement resulted in the bolstering of respondent's credibility, to the detriment of Shana's character. But there is no evidence contrary to respondent's description of events, in which he explained that Shana entered his car uninvited. Importantly, respondent freely admitted—in each of the first and second statements—that he declined to stop the car to let Shana exit when she first demanded to be let out because he was not comfortable leaving her at that location. In both statements, respondent consistently described a tragic situation, the circumstances of which would not have led to any conclusion other than this: Shana placed herself in respondent's automobile and refused to get out, then jumped from the moving vehicle when she learned that respondent was driving in the direction of her parents' home. Moreover, respondent's description of his and Shana's turbulent relationship was not prejudicial in light of the testimony of the Kanawha County Sheriff's Department's officer, Det. Brian Carper, who testified that Shana told a first responder that she had jumped from the vehicle.

## III.

Next, petitioner asserts that instructions given to the jury misstated the law of false imprisonment. At the conclusion of the evidence, the trial court gave, over the objection of petitioner, two instructions offered by respondent. The first stated:

> Whether a person is falsely imprisoned is based upon the totality of the

4

circumstances, including the actions of both the defendant and the individual allegedly being confined, and whether the defendant's conduct was reasonable in its nature, purpose, extent and duration.

The second stated:

> In order to find that [respondent] falsely imprisoned Ms. Cowley it is necessary that his actions be unlawful. In making that determination you may consider the totality of the circumstances. If you find that [respondent's] actions were reasonable in their nature, purpose, extent and duration, you may find that his actions were not unlawful.

Petitioner argues that these instructions were erroneously derived from *Belcher v. Wal-Mart Stores, Inc.,* 211 W.Va. 712, 568 S.E.2d 19 (2002), a per curiam decision of this Court. She, instead, would have had the lower court frame its charge from the Restatement (Second) of Torts. We have explained that:

> [t]he formulation of jury instructions is within the broad discretion of a circuit court, and a circuit court's giving of an instruction is reviewed under an abuse of discretion standard. A verdict should not be disturbed based on the formulation of the language of the jury instructions so long as the instructions given as a whole are accurate and fair to both parties.

Syl. Pt. 6, *Tennant v. Marion Health Care Found., Inc.,* 194 W.Va. 97, 459 S.E.2d 374 (1995). Moreover,

> [a] trial court's instructions to the jury must be a correct statement of the law and supported by the evidence. Jury instructions are reviewed by determining whether the charge, reviewed as a whole, sufficiently instructed the jury so they understood the issues involved and were not mislead by the law. A jury instruction cannot be dissected on appeal; instead, the entire instruction is looked at when determining its accuracy. A trial court, therefore, has broad discretion in formulating its charge to the jury, so long as the charge accurately reflects the law. Deference is given to a trial court's discretion concerning the specific wording of the instruction, and the precise extent and character of any specific instruction will be reviewed only for an abuse of discretion.

Syl. Pt. 4, *State v. Guthrie*, 194 W.Va. 657, 461 S.E.2d 163 (1995). Thus, "'[i]t will be presumed that a trial court acted correctly in giving . . . instructions to the jury, unless it appears from the record in the case that the instructions were prejudicially erroneous[.]' Syllabus Point 1, [in part,] *State v. Turner*, 137 W.Va. 122, 70 S.E.2d 249 (1952)." Syl. Pt. 1, in part, *Moran v. Atha Trucking, Inc*., 208 W.Va. 379, 540 S.E.2d 903 (1997). Finally, "the question of whether a jury was properly instructed is a question of law, and the review is *de novo*." Syl. Pt. 1, in part, *State v. Hinkle*, 200 W.Va. 280, 489 S.E.2d 257 (1996).

While we appreciate petitioner's mindfulness of Syl. Pt. 13, *State v. ex rel. Med.*

5

*Assurance of West Virginia, Inc. v. Recht*, 213 W.Va. 457, 583 S.E.2d 80 (2003)("[N]ew points of law . . . will be articulated through syllabus points as required by our state constitution"), we are loath to accept petitioner's suggestion that West Virginia juries are better instructed through principles articulated in the Restatement of Torts than in our own per curiam opinions. Indeed, we touted the value of per curiam opinions in *Walker v. Doe*, 210 W.Va. 490, 558 S.E.2d 290 (2001), the very case in which the *Med. Assurance* syllabus point quoted by petitioner was first advanced. We clarified that per curiam opinions provide guidance to our lower courts:

> . . . While per curiam opinions differ from signed opinions based on the absence of new syllabus points, per curiam opinions nonetheless have precedential value as an application of settled principles of law to facts necessarily differing from those at issue in signed opinions. The value of a per curiam opinion arises in part from the guidance such decisions can provide to the lower courts regarding the proper application of the syllabus points of law relied upon to reach decisions in those cases. Another purpose for which per curiams may be relied upon is to argue that previously announced principles of law remain valid, as applicable to a certain set of facts, due to their inclusion by this Court in per curiam opinions. Per curiam opinions may also be relied upon to argue that previously announced points of law set forth in syllabus points should nonetheless apply to alternate factual scenarios, which may significantly parallel but still partially diverge from the facts of the previously-decided opinion. Accordingly, a per curiam opinion may be cited in support of a legal argument. Therefore, we hereby renounce any prior statements of this Court to the effect that per curiam opinions are not legal precedent.

*Walker v. Doe*, 210 W.Va. 490, 496, 558 S.E.2d 290, 296 (2001).

We discussed false imprisonment in great detail in *Belcher*, pointedly noting that "false imprisonment is illegal detention of a person without lawful process . . ." and that "unlawfulness of detention is based upon whether, based upon the totality of the circumstances, the actions of the defendant[] were objectively reasonable in their nature, purpose, extent and duration[.]" *Belcher*, 211 W.Va. at 723, 568 S.E.2d at 30 (citations omitted). Inasmuch as the circuit court was guided by our own per curiam opinion, we cannot say that the jury was wrongly instructed to consider the "totality of the circumstances" or that the trial court abused its discretion in the wording of its charge.

IV.

Finally, petitioner would have the Court find that the circuit court erred in declining to grant her motion for a new trial, particularly in light of the following "admission" by respondent, offered at his videotaped deposition in May of 2010 and played for the jury at trial:

> Q:     She certainly was making it clear to you that she did not
>         want to go home to her parents' home correct?
> A:     Yes.
> Q:     About that, there was no mistake?

6

> A: Right.
> Q: And notwithstanding that, you kept taking her there against her will, correct?
> A: Yeah.

We do not believe that these responses constitute an admission of actionable wrongdoing; Shana did tell respondent that she did not want to go to her parents' home, but only after having positioned herself in respondent's car and acquiesced to becoming a passenger. The evidence showed that Shana protested only upon realizing respondent's intended destination, but at that point, respondent did not believe he could safely or in good conscience leave her by the side of the road.

> "A motion for a new trial is governed by a different standard than a motion for a directed verdict. When a trial judge vacates a jury verdict and awards a new trial pursuant to Rule 59 of the *West Virginia Rules of Civil Procedure*, the trial judge has the authority to weigh the evidence and consider the credibility of the witnesses. If the trial judge finds the verdict is against the clear weight of the evidence, is based on false evidence or will result in a miscarriage of justice, the trial judge may set aside the verdict, even if supported by substantial evidence, and grant a new trial. A trial judge's decision to award a new trial is not subject to appellate review unless the trial judge abuses his or her discretion." Syllabus Point 3, *In re State Public Building Asbestos Litigation*, 193 W.Va. 119, 454 S.E.2d 413 (1994), *cert. denied sub nom.*, *W.R. Grace & Co. v. West Virginia*, 515 U.S. 1160, 115 S.Ct. 2614, 132 L.Ed.2d 857 (1995).

Syl. Pt. 2, *Sayre v. Roop*, 205 W.Va. 193, 194, 517 S.E.2d 290, 291 (1999).

Considering the totality of the circumstances presented to the jury, we cannot say that the jury verdict was against the clear weight of the evidence, or that the trial court abused its discretion in declining to grant petitioner's motion for a new trial.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** June 24, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II