# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

*In re* **M.M.**

**Case No. 22-0357** (Harrison County 22-AF-1-2)

## MEMORANDUM DECISION

Petitioner C.M.[1] appeals the Circuit Court of Harrison County's April 12, 2022, order granting a permanent protective order against him based on the financial exploitation of M.M., an elderly and/or incapacitated person.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.[3]

It is undisputed that M.M., petitioner's grandmother, is an elderly person as defined by West Virginia Code § 55-7J-1, and a protected person as defined by West Virginia Code § 44A-1-4. At the outset, M.M. lived alone on her property in Harrison County, West Virginia. Petitioner lived on the same property but in a different residence. Due to a decline in M.M.'s health, including dementia, respondents, M.M.'s daughters, contacted the West Virginia Department of Health and Human Resources, Adult Protective Services ("APS"). On November 18, 2021, APS, police, and fire department personnel went to M.M.'s property, where they had to cut a lock from a gate to reach her home. M.M. told the APS worker that she needed help, but she refused to leave the home. They returned the next day with a court order, at which time they removed M.M. from her home and transported her to a hospital, though she was later taken to a long-term care facility.

In January 2022, respondents filed a petition for temporary guardianship and temporary conservatorship of M.M. in the Circuit Court of Lewis County, which was granted by order entered on January 26, 2022. On February 17, 2022, respondents filed a petition for a temporary financial exploitation protective order in the Magistrate Court of Harrison County, and that court held a

---

[1] We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

[2] Petitioner is represented by counsel Betty Clark Gregory, and respondents are represented by counsel Richard R. Marsh. Attorney Ty Talbert is the court-appointed guardian ad litem for M.M.

[3] On August 3, 2023, petitioner filed with this Court a motion to stay the circuit court's April 12, 2022, order after the circuit court denied his motion to stay on June 3, 2022. Because we affirm the circuit court's order, petitioner's motion to stay is denied as moot.

1

hearing that day. The magistrate court granted respondents' petition, and the case was transferred to circuit court. On February 18, the circuit court entered its order setting a hearing for March 8, 2022, and appointing a guardian ad litem for M.M. On March 8, petitioner filed a written motion to continue the hearing, and the circuit court granted that motion, continuing the hearing until March 15, 2022. At the March 15, 2022, review hearing, petitioner made an oral motion for an additional continuance, but the circuit court denied that motion and proceeded to take testimony from all three of M.M.'s children.[4] Petitioner did not testify.

By order entered on April 12, 2022, the circuit court found that M.M. was an elderly, protected person and an incapacitated adult. It found that respondents had met their evidentiary burden and presented credible evidence that acts of financial exploitation had occurred, consisting of the removal of at least $86,000 in cash and a five gallon bucket "with assorted silver coins, gold bullion, gold krugerrands, silver and items of personal property belonging to [M.M.]."[5] The court went on to find, by a preponderance of the evidence, that petitioner committed those acts of financial exploitation, as defined by West Virginia Code § 55-7J-1. It also found there was reasonable cause to believe continued financial exploitation would occur unless relief was granted. The circuit court ordered a permanent protective order, prohibiting petitioner from entering the curtilage within 500 feet of M.M.'s former residence; prohibiting petitioner from receiving, holding, or accessing any of M.M.'s assets; requiring that petitioner return all items removed from M.M.'s former home; requiring that he pay reasonable attorney's fees to respondents; prohibiting petitioner from removing or cutting any living trees from M.M.'s property; and ordering petitioner to arrange a time with the guardian ad litem to remove the building he placed next to M.M.'s former residence. Petitioner appeals from that April 12, 2022, order.

> "When this Court reviews challenges to the findings and conclusions of the circuit court, a two-prong deferential standard of review is applied. We review the final order and the ultimate disposition under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard." Syllabus Point 1, *McCormick v. Allstate Insurance Co.,* 197 W.Va. 415, 475 S.E.2d 507 (1996).

Syl. Pt. 1, *In re Robinette*, 218 W. Va. 186, 624 S.E.2d 533 (2005).

On appeal, petitioner sets forth two assignments of error. First, he argues that the circuit court erred by granting a permanent protective order without giving petitioner an opportunity to present evidence or vouch the record. Petitioner's argument largely focuses on a document he tried to present to the circuit court, asserting here, without citing to the record, that any time his counsel tried to present evidence that M.M. had signed documents giving petitioner the authority to make decisions on her behalf, the court prevented counsel from doing so, finding the documents were irrelevant. While petitioner does not clearly identify the document at issue in the argument section of his brief, in his recitation of facts he points to two pages from the hearing transcript that appear

---

[4] Petitioner's father is M.M.'s son. He is not a party to the action, though he was the only witness petitioner called during the hearing.

[5] Krugerrands are South African coins.

2

to address the document at issue. When one of M.M.'s daughters was testifying, petitioner's counsel asked her if she was "aware of any documents [M.M.] may have written setting forth her desires with regard to tak[ing] care of her finances[.]" Petitioner's counsel then referenced a document dated March 16, 2010. The daughter responded that she had recently become "aware of that one. That's not real." When the court pressed petitioner's counsel regarding the relevance of the document, she claimed it was evidence of M.M.'s desires with regard to who she actually wanted to take care of her finances. The court again inquired as to the relevancy with regard to the alleged financial exploitation of M.M., and counsel essentially stood on her previous answer. The court ruled this document to be inadmissible. Following the presentation of respondents' case-in-chief, petitioner had the opportunity to present evidence. Petitioner presented testimony only from his father, M.M.'s son, before indicating petitioner would not be called and there was no other evidence he wished to present.

As this Court recently reiterated,

"The West Virginia Rules of Evidence . . . allocate significant discretion to the trial court in making evidentiary . . . rulings." *State v. Swims*, 212 W. Va. 263, 269, 569 S.E.2d 784, 790 (2002) (quoting Syl. pt. 9, *Tudor v. Charleston Area Med. Ctr., Inc.*, 203 W. Va. 111, 506 S.E.2d 554 (1997)). For this reason, "with few exceptions, this Court reviews 'evidentiary . . . rulings of the circuit court under an abuse of discretion standard.'" *State v. Delorenzo*, -- W. Va. --, --, 885 S.E.2d 645, 663 (2022) (quoting Syl. pt. 1, in part, *State v. Gray*, 204 W. Va. 248, 511 S.E.2d 873 (1998) (per curiam) (additional quotations and citation omitted)).

*State v. Jackson*, 248 W. Va. 504, __, 889 S.E.2d 77, 81 (2023). Based upon our review of the cited portions of the transcript, it is clear that the circuit court did not abuse its discretion in refusing to admit a document the testifying witness could not authenticate, particularly where she set forth her belief that the document was inauthentic. Further, it appears that petitioner did not satisfy his burden to preserve the rejected evidence for error on appeal by placing the rejected evidence on the record or disclosing what the evidence would have shown, beyond vague assertions by counsel that the document showed that M.M. wanted petitioner, rather than respondents, to handle M.M.'s finances. *See* Syl. Pt. 10, *State v. McIntosh*, 207 W. Va. 561, 534 S.E.2d 757 (2000) (party must place rejected evidence on record or disclose what it would have shown to allow appellate court to review.).

Petitioner's second assignment of error on appeal is his assertion that the circuit court erred by refusing a request for a second continuance, which was made orally at the outset of the March 15, 2022, hearing. Petitioner's two-paragraph argument on this issue simply identifies standards of review regarding a circuit court's discretion as to whether to grant a continuance[6] and then sets

---

[6] As This Court has found,

"'A motion for continuance is addressed to the sound discretion of the trial court, and its ruling will not be disturbed on appeal unless there is a showing that there has been an abuse of discretion.' Syl. pt. 2, *State v. Bush*, 163 W. Va. 168,

forth two sentences, without citation to the record, asserting that the circuit court refused to grant a continuance "despite the guardian ad litem not having had time to talk to the respondent in the case. Instead the circuit court held the hearing from 4:30 p.m. to 8:00 p.m." In addition to the fact that petitioner's argument is, at best, a bare bones assertion, he ignores the mandates of both West Virginia Code § 55-7J-1(e) and Rule 16 of the Rules of Practice and Procedure for Financial Exploitation Civil Proceedings. The statute provides, in relevant part, that "[u]pon receipt of the notice of transfer from the magistrate court, the circuit court shall set the matter for a review hearing within 20 days." In addition, Rule 16 provides that a "continuance of a review hearing by the court shall be rescheduled no more than seven days from the scheduled hearing date." The circuit court complied with these time constraints by setting the review hearing for March 8, 2022, following the February 18, 2022, transfer from magistrate court. Petitioner's counsel filed a written motion to continue that hearing due to a death in counsel's family; the court granted that motion and continued the hearing until March 15, 2022. When petitioner's counsel made the oral motion during the March 15 hearing, the court indicated it had "likely continued the hearing for the maximum amount of time." Moreover, according to the guardian ad litem, petitioner had known for months that he was the guardian ad litem but petitioner had failed to contact him. For these reasons, we find that the circuit court did not abuse its discretion in denying petitioner's request for an additional continuance.

Affirmed.

**ISSUED:** September 15, 2023

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn

---

255 S.E.2d 539 (1979)." Syl. Pt. 2, *State v. Jason H.*, 215 W. Va. 439, 599 S.E.2d 862 (2004).

Syl. Pt. 3, *In re C.B.*, 245 W. Va. 666, 865 S.E.2d 68 (2021).

4